CASS COUNTY, Defendant in Error, *v.* WILLIAM A. JACK, Plaintiff in Error.

1. *School fund — Defaulting treasurer — Assignments.* — Under section 7, article VII, of the school law of 1855 (R. C. 1855, p. 1440), it would be the duty of the assignees of a defaulting county treasurer, in settling his debts pursuant to the general assignment law, to deduct an indebtedness from him to the county on account of the school fund. And for this purpose the law did not require the county to present this debt for allowance before the assignees. In fact, they have no authority to give it a preference under the assignment (R. C. 1855, p. 210, § 39), but must make the deduction under the general law, thereby *pro tanto* overruling the assignment.

2. *School fund — Defaulting treasurer — Constitution.* — Section 7, article VII, of the school law of 1855 (R. C. 1855, p. 1440), giving a preference to the debt owing by a defaulting county treasurer to the school fund, is not unconstitutional.

*Error to First District Court.*

*Comings*, and *Ewing & Smith*, for plaintiff in error.

I. The Circuit Court had no power to pay or order to be paid the claim of Cass county. The debts must be paid according to the deed of assignment. A debtor, under the law of 1855, had a right to prefer one creditor to another, and the debts therefore must be paid as required and directed by the debtor in his deed

of assignment.    (Woods v. Tinnerman's Assignee, 27 Mo. 107; 5 Johns. 335; Wilkes v. Ferris, 5 Tenn. 420 ; Shapleigh & Rue v. Baird, 26 Mo. 322.)

II.   Section 7, p. 1440, R. C. 1855, cannot affect this case ; nor is 31 Mo. 205, nor 2 How. U. S. 608, applicable.   The Legislature has no power by law to give a preference to one creditor over another without the debtor's consent.

III.   The assignment is special, not general, and therefore the case does not come within the scope of the provision of section 7, art. VII, ch. 148, R. C. 1855. (See Wilkes v. Ferris, 5 Johns. 335; 5 Term Rep. 204.) ·

IV.   The assignees have no authority to give a preference to one creditor over another.   Their powers are limited by the provisions of the deed, and must be exercised by them accordingly, except so far as they may be restrained or modified by a court of competent jurisdiction.

Even admitting that the plaintiff has a priority over the other creditors, the fact is one that cannot be determined by the assignees ; and the Circuit Court had no greater jurisdiction than they had, and could not, owing to this fact, grant the relief claimed, had it been manifest that plaintiff had the asserted priority.   The statute regulating assignments (R. C. 1855, ch. 8) prescribes the manner in which assignees shall execute their trusts, and it nowhere confers the power claimed for them in this proceeding.   If the priority really existed, as asserted by the plaintiff, it could be maintained by a direct proceeding in the Circuit Court against the assignees and the creditors mentioned in the deed.

*R. O. Boggess*, for defendant in error.

The effect of the statute (R. C. 1855, p. 1440, § 7) on the deed of assignment was the same as if its provisions had been expressly incorporated therein, and the assignees were as much bound to allow and pay the claim of Cass county according to its priority, as if they had so expressly been directed by the terms of the deed of assignment.   (2 How. 608 ; 31 Mo. 205 ; Townsend v. Townsend, Peck's R. 1.)

ADAMS, Judge, delivered the opinion of the court.

Abram Cassell, as treasurer of Cass county, became defaulter for school funds to the amount of $3,911.90, and in 1860 made a general assignment of all his personal property for the benefit of certain named creditors, who by virtue of the assignment were to be first paid, and then all of his other creditors if there was enough property left. He was insolvent, his property not being sufficient to pay the debts. The county debt was not named or provided for in the assignment, unless it came under the general clause of "all other creditors."

Section 7, article VII, of the school law of 1855 (R. C. 1855, p. 1440) provides that "in case any officer or other person indebted or accountable for any money or property due or belonging to the State or any township or district, on account of any school fund or income thereof, shall die, become insolvent or bankrupt, or shall make a·general assignment of his property and effects, the debt or amount so due and to be accounted for shall have priority over other debts, and shall be first paid."

By virtue of this section of the school law, the debt of the county of Cass against Abram Cassell stood as a preferred debt, independent of the assignment, and overruled the provisions of the assignment. It was the duty of the assignees when called upon, if in funds, to pay this debt and deduct it from the assets of the assignment; for the assignment was made subject to this provision of the statute. (See Burr. Assign. 541.)

The law did not require the county to present this debt for allowance by the assignees, and in fact they had no jurisdiction to allow and give it a preference under the provisions of the assignment. Section 39 of the assignment law (R. C. 1855, p. 210) declares that "every provision in any assignment hereafter made in this State, providing for the payment of one debt or liability in preference to another, shall be void; and all debts and liabilities within the provisions of the assignment shall be paid *pro rata* from the assets thereof."

This section clearly indicates that only such debts as can be paid *pro rata* are to be presented to the assignees for allowance,

and where a creditor, as in this case, has an existing preference, independent of the assignment, it does not come within its provisions; and if such preference is to be maintained it must be by overriding the provisions of the assignment, and not by a decision of the assignees on a presentation of the claim to them. Hence the presentation of this county debt to be allowed and preferred by the assignees, and the appeal from them to the Circuit Court, were without any warrant of law, and the whole proceedings were *coram non judice* and ought to have been dismissed. If the assignees refuse to pay the county debt, the county is not without redress. It may bring its suit in the regular way by an action in the nature of a bill in equity, and compel them to pay the debt out of the assets in their hands.

It is argued that the action of the school law above referred to, giving a preference to this debt, is unconstitutional. It has been the law of this State ever since we have had a school fund to protect. We know of no provision of the State or Federal constitution with which it comes in conflict. The State Legislature has the power to pass all laws not prohibited by the constitution of this State or the constitution of the United States. There is no clause in our State constitution which prohibits the Legislature from passing such a law, and it violates no provision of the constitution or laws of the United States.

Under these views the judgments of the District and Circuit Courts will be reversed and the proceeding dismissed. The other judges concur.