*In the matter of the Petition of* G. W. KIDD *for a Writ of Habeas Corpus.*

INSANITY — *Holding Insane Person to Bail.*   A person found to be insane by the verdict of a jury impaneled in a proceeding had under the act relating to lunatics and habitual drunkards is exempt, under ₰ 35 of the act, from being held to bail, and from imprisonment on a criminal charge, so long as such verdict is in force and operative.

*Original Proceeding in Habeas Corpus.*

THE facts are stated in the opinion, filed at the session of the court in February, 1889.

*T. L. Kendrick*, for petitioner.

*A. M. Hunter*, county attorney, *contra*.

Opinion by SIMPSON, C.: This is an original proceeding in this court, to obtain the discharge of G. W. Kidd, a person of unsound mind, on *habeas corpus*.   The application is made by T. L. Kendrick, guardian of the person and estate of the said Kidd, and is resisted by the county attorney of Greenwood county.   The facts are that on the 26th day of June, 1888, a complaint was filed before a justice of the peace in Greenwood county, charging G. W. Kidd with the crime of forgery. On the 27th day of June, 1888, he waived a preliminary examination, and was required to give bail in the sum of $1,500 for his appearance for trial at the next term of the district court of said county.   On the 3d day of September, 1888, an information was filed against him in the district court by the county attorney, charging him with the crime of forging the name and notarial seal of one R. N. Kelley to the certificates of acknowledgment of two mortgages of the Emporia Investment Company, on the 18th day of June, 1888, for $1,000 and $100, respectively.   On the 26th day of September, 1888, the trial of the criminal charge against him was continued until the next regular term of the court, and Kidd was required to give a bond, with sufficient sureties, in the sum of

$1,000, for his appearance. He failed to give such a bond with sureties as was required, and because of his failure he was committed to the jail of the county for safe-keeping until the time for trial. On the 9th day of August, 1888, the said G. W. Kidd was, upon an information duly filed, found to be a person of unsound mind, by a jury that seems to have been legally constituted in the probate court of Greenwood county; and on the 16th day of August the petitioner was duly appointed guardian of the person and estate of G. W. Kidd. We are asked to discharge him from the custody of the sheriff of that county because of this adjudication of the probate court, that expressly finds him to be a person of unsound mind. This demand is based upon § 35, chapter 60, Compiled Laws of 1885, which reads as follows: "No such insane person or habitual drunkard shall be held to bail, nor shall his body be taken in execution on any civil or criminal action." This section refers to such persons as have been found on inquisition to be insane, or habitual drunkards. We shall not stop now to discuss the primary jurisdiction of the district court over the person of Kidd, obtained before this adjudication by the probate court, and probably obtained before Kidd began to manifest symptoms of insanity, for these, according to the finding of the jury, were of recent origin, and produced probably by the criminal prosecution; but we will try to give the statute cited its full force and effect, without interfering with the jurisdiction of the district court. This insanity of Kidd as presented to this court cannot be considered as a defense to the criminal charge, and is not to be viewed as such in any contingency that may arise in the future. It is not claimed that he was insane when he committed the criminal act as alleged, but that the criminal charge has produced the degree of insanity as found by the jury in the probate court. It is not humane or legal to try him while he is in this state of mind, neither can he be held to bail. But his discharge does not abate or in any other manner dispose of the criminal action against him, except possibly to delay it. It stands on the docket of the court against him, subject to trial whenever

he shall have recovered his reason.   Or if the county attorney shall for any reason think that another inquiry ought to be instituted at any time in the probate court as to the condition of his mind, ample provision is made by law for such a state of affairs.   The language of this statute is imperative, and we are compelled to say that so long as Kidd continues to be of unsound mind he cannot be held to bail, and that the order of the district court committing him to the jail of the county is unauthorized and void; and no other cause of restraint having been returned, we recommend that he be discharged from custody until such time as he may be legally tried for the crime with which he stands charged.

By the Court: It is so ordered.

All the Justices concurring.