## EX PARTE JOSEPH ROBERTS, Petitioner.

### Division Two, December 17, 1901.

1. **Constitutional Law: POWER OF LEGISLATURE.** The Legislature has the power to enact any law not prohibited by the Constitution.

2. ————: CARRYING BURGLAR'S TOOLS: DUE PROCESS OF LAW. Revised Statutes 1889, section 1892, which prohibits a person from making or mending burglars' tools, or from having the same in his custody or concealed about his person, is not violative of the Bill of Rights, section 30, declaring that no person shall be deprived of life, liberty, or property without due process of law.

3. **Habeas Corpus:** PETITION: NO GROUND FOR RELIEF. The court will not issue a writ of habeas corpus, where it could only result in petitioner's being immediately remanded for want of any ground in his petition for relief.

### Habeas Corpus.

WRIT DENIED.

*F. E. Luckett* for petitioner.

PETITION.

To the Honorable Supreme Court of Missouri, Division No. 2.

Your petitioner, Joseph Roberts, respectfully represents and states to this court, that he is now illegally and unlawfully imprisoned and restrained of his liberty by one F. M. Wooldridge, warden of the Missouri State Penitentiary.

That the facts concerning the unlawful imprisonment of your petitioner, are as follows to-wit: That your petitioner was, at the November term, 1900, of the criminal court of Buchanan county, indicted by the grand jury, under section 1892, Revised Statutes 1899, for having in his possession certian tools charged and alleged to be burglars' tools; that upon a trial upon said indictment your petitioner was, by the jury, found guilty and sentenced to the Missouri State Penitentiary for a term of five years; that he has since the ———— day of December, 1900, been illegally restrained of his liberty by the said F. M. Wooldridge, and is now unlawfully and illegally imprisoned and restrained of his liberty by the said F. M. Wooldridge, under and by virtue of the illegal and unlawful judgment and sentence of said criminal court of Buchanan county.

Your petitioner alleges and avers, that said section 1892, Revised Statutes 1899, is unconstitutional and void, in that it violates the provisions of section 30, article 2, of the Constitution of the State of Missouri, and that by virtue of said

prosecution and conviction under said section 1892, Revised Statutes 1899, your petitioner has been deprived of his liberty, and is now being deprived of his liberty without due process of law.

Your petitioner alleges and avers that said section 1892, above referred to, is unconstitutional and void because it makes it a felony for a person to have in his possession the tools named therein without regard to the intent for the purpose he has them.

Your petitioner states that the judgment and sentence of the court aforesaid, so rendered as aforesaid, is absolutely void and of no effect, and his confinement under and by virtue of said judgment and sentence is wholly unlawful and illegal.

Your petitioner states that he is entitled to his discharge from said penitentiary; that a certified copy of the indictment is hereto attached and made a part of this petition.    Your petitioner states that no application for the relief herein sought has been made to or refused by any court or officer superior to your Honors.    Your petitioner further states that there is now no judge of the circuit court in Cole county.

Wherefore, your petitioner prays for a writ of habeas corpus under the Habeas Corpus Act, and under the hand of your honors commanding the said F. M. Wooldridge to produce the body of your petitioner before your honors when and where you may direct, and that your petitioner upon the hearing of the grounds of his imprisonment may be discharged therefrom, and to grant your petitioner such other and further relief as may seem to your honors fit and proper, and as the nature of the case may require.

JOSEPH ROBERTS.

Vol 166 mo—14

State of Missouri, County of Cole.

Joseph Roberts being by me duly sworn upon his oath says that the matters and things set forth in the above and foregoing petition are true.

JOSEPH ROBERTS.

Subscribed and sworn to before me this tenth day of October, 1901.

My commission expires December 28, 1902.

(Seal.)                    F. E. LUCKETT, Notary Public.

State of Missouri, Sct.

I, John R. Green, clerk of the Supreme Court of the State of Missouri, certify that the foregoing is a full, true and correct copy of the petition for habeas corpus filed by Joseph Roberts in my office on the eleventh day of October, 1901, as fully as the same remains on file in my office.

Given under my hand and seal of said court, at the City of Jefferson, this eighteenth day of November, 1901.

——————— Clerk.

State of Missouri, County of Buchanan, ss.

In the Criminal Court of Buchanan County, at the November Term thereof, 1900.

The grand jurors of the State of Missouri, within and for the county of Buchanan aforesaid, being duly impaneled and sworn, upon their oaths, do present that John Graham, George Ellis and Joseph Roberts on the twenty-second day of November, 1900, at the county of Buchanan and State aforesaid, did then and there unlawfully and feloniously have in their custody and concealed about their persons three false keys, one file, one piece of tin, and one bottle of yellow subsulphite of mercury all of which said articles mentioned as

aforesaid, to-wit: The said false keys, the said file, the said pieces of tin, the said bottle of yellow subsulphite of mercury being then and there material implements and mechanical devices adapted, designed and commonly used for breaking into a vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, door, shutter and window of a building of any kind, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

JAMES W. MYTTON, Prosecuting Attorney.

(Indorsed): State of Missouri against John Graham, George Ellis, Joseph Roberts. Charged with having burglars' tools in their possession.

A true bill:

J. C. WYATT, Foreman.

Witnesses: Corbin T. Richmond, prosecutor; Edward White, Edward Smith, DeWitt C. McCall.

Filed this thirtieth day of November, 1900.

JOHN T. CHESTNUT,
Clerk of the Criminal Court.

By D. T. LYSAGHT, Deputy.

State of Missouri, County of Buchanan, ss.

I, John T. Chestnut, clerk of the circuit court, in and for the county and State aforesaid do certify that the foregoing is a full, true and complete copy of the indictment made as aforesaid in the above entitled cause, as the same appears of record and on file in my office.

In testimony whereof, I hereunto set my hand and affix the seal of said court at office in the city of St. Joseph, this second day of October, A. D. 1901.

(Seal.) JOHN T. CHESTNUT, Clerk.

By A. PATTEN, Deputy.

SHERWOOD, P. J.—Petitioner Roberts, being confined in the penitentiary, has presented a petition praying for the issuance of a writ under the Habeas Corpus Act, and that his cause be heard and he be discharged from the custody of the warden.

Petitioner was convicted under the provisions of section 1892, Revised Statutes 1899, which relates to, and prohibits a man from the making, mending, etc., etc., of burglars' tools, false keys, etc., or the having the same in his custody or concealed about his person, etc.

The offense is a felony. Under this section, petitioner was found guilty and sentenced to the penitentiary for the term of five years.

The petition and a copy of the indictment which has been filed therewith, will accompany this opinion.

The petitioner relies for his release from confinement and his discharge, upon the unconstitutionality of the section aforesaid, asserting that it violates section 30 of the Bill of Rights, which declares: "That no person shall be deprived of life, liberty or property without due process of law."

How, or in what way, section 1892 impinges section 30, we are not informed, nor have we been able to understand. Speaking generally, the Legislature of this State has the power to pass any law not prohibited by the Constitution. [Cass Co. v. Jack, 49 Mo. 196.]

"The legislative department (of a State) is not made a special agency for the exercise of specifically defined legislative powers, but is intrusted with the general authority to make laws at discretion." [Cooley, Const. Lim. (6 Ed.), p. 104.]

"The rule of law upon this subject appears to be, that, except where the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights

of the people of the State, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but courts can not assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It can not run a race of opinions upon points of right, reason, and expediency with the lawmaking power. Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being prima facie valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the Constitution, and the case shown to come within them." [Ib., pp. 200, 201.]

Any theory for attacking the constitutionality of the statute under consideration, would be equally prolific in authorizing an attack upon any statute of this State for the prevention of the punishment of crime. Laws for the punishment of having possession of burglars' tools, or tools with which counterfeiting can be done, etc., etc., are quite common both in England and in this country.

We are unable to see in what way section 30 of article 2 of our Constitution has shortened the arm of legislative power or limited the range of legislative discretion in enacting into the forms of law section 1892. Looking at the matter from this point of view is what induced us, some little while ago, to deny the writ prayed for, because we did not think it necessary for us to go through the barren formality of issuing a writ of habeas corpus, which, as soon as issued, could only result in the petitioner's being remanded, because his petition was *absolutely worthless*, in that it contained no ground or semblance of a ground for relief.

In such circumstances a court is not bound to issue a use-

less writ, nor can it be made amenable to the penalties of section 3601, Revised Statutes 1899, of the Habeas Corpus Act, because in the exercise of its judicial discretion it declines to issue such a writ.    [State ex rel. v. Dobson, 135 Mo. 1.]

For the reasons aforesaid, and as at first ordered, we deny the writ.    All concur.