In re McWilliams.

## In re CHARLES E. McWILLIAMS.

### Division Two, January 6, 1914.

HABEAS CORPUS: Insane Person: Committed to Guardian and Removed from Criminal Court. Petitioner was said to have committed certain felonies. He was thereafter adjudged insane by the probate court, and a guardian appointed, to whose custody he was committed. Thereafter formal complaints were filed, charging him with having committed said crimes. A preliminary examination was held, and the fact of his adjudication to be an insane person was not mentioned before the examining magistrate, who, in ignorance of his status, held him to bail, and in default thereof committed him to the custody of the sheriff, who is the respondent in this *habeas corpus* for his discharge. *Held*, that, when the insane ward is thus charged with a criminal offense, the right of the guardian to his custody is subordinate to that of the criminal court, and the writ is denied.

## *Habeas Corpus.*

WRIT DENIED.

*R. H. Musser* and *Paul D. Kitt* for petitioner.

*E. L. Marshall* and *L. D. Allen* for respondent.

FARIS, J.—After the most painstaking examination of the authorities we are of the opinion that the application for the writ of *habeas corpus,* which has been filed here, when considered in the light of the law, shows upon its face that petitioner is not entitled to his discharge from custody in the manner and form of procedure here invoked and under the conditions here presented. [Sec. 2444, R. S. 1909; Ex parte Roberts, 166 Mo. 207.]

The probate court had jurisdiction and plenary power to adjudge petitioner to be a person of unsound mind. Petitioner will continue to be regarded in law as *non compos* for all general and usual purposes till the probate court or a jury shall have found him to be

sane. The legal machinery to re-examine petitioner's status, is ample, simple, convenient and summary.

When section 513, Revised Statutes 1909, came into our law (Section 9, p. 433, R. S. 1825) imprisonment for debt still existed. It may have had reference to conditions arising from this fact. While Kansas, upon a very similar statute, has held contrary to the views herein (In re Kidd, 40 Kan. 644) and likewise contrary to the common law and to the holding in other States and jurisdictions, we are unable to take this view for the reasons we set out below.

The status of an insane person not charged with a crime is different from that of an insane person charged with a felony (and the rule must be the same whether the insanity be kleptomania or homicidal mania). If no charge of felony be pending the guardian appointed by the probate court has complete dominion under the orders of that court over his insane ward. But manifestly the guardian ought not to have such power in case his ward is charged with a felony, so that if he wish he can take his ward to Kansas or Kamschatka. The criminal court becomes interested in seeing that the insane accused is, and will be, within the jurisdiction of the court when he recovers, and that he be held at some accessible place within the court's jurisdiction, so that the fact as to whether he has recovered may be tested from time to time, if necessary. In the strict letter of our statutes the facts here present a *casus omissus*, in a sense. Sections 5207 et seq. apply only to cases of insanity occurring subsequent to indictment (State v. Church, 199 Mo. 605); sections 1430 et seq. apply to cases where, upon trial on an indictment, the accused is found to have been insane when he committed the offense. Here petitioner is said to have committed certain felonies; he is thereafter adjudged insane by the probate court, and afterwards formal complaints are filed charging him

with said criminal offenses; a preliminary examination is held and the fact of his adjudication as an insane person is not mentioned before the examining magistrate, who, in ignorance of his status, holds him to bail and in default thereof commits him to the charge of the respondent sheriff.

We think the custody of the insane ward in the guardian is subordinate to that of the criminal court, when the ward is thus charged with a criminal offense. If petitioner cannot be made to give bail, does this mean he may not be held in custody pending trial? If this is true then in one felony, it is true for any and all felonies—he could not be arrested or tried for any crime, small or great.

We conclude that since the probate courts have no jurisdiction in criminal cases, since the degree of insanity which will authorize the adjudication of a person as insane is not always the same degree as will excuse the same person when tried for a crime, since it is unthinkable to urge that the will of the insane person's guardian shall be substituted for the custody of the criminal court, and therefore in the absence of an express statute the rule at common law should prevail in the trial of the alleged insane defendant; that is, that the trial judge upon his own inspection and view of the accused, or, in his discretion, upon examination of the proceedings of the probate court, may either empanel a jury and try as a preliminary matter the question of the present insanity of the accused, or submit the question of insanity, with the whole case, to the jury which tries accused for the felony, and if guilt be found, follow the proceedings set out in sections 1430 et seq., in such wise as the then mental condition of the defendant, as found by the jury, may render appropriate. In the meantime pending trial, the circuit judge may make such orders to the sheriff who has the accused in custody as the physical and mental condition of the accused and the nature of the offenses

with which he stands charged may seem to render proper and humane. [Compare sections 1430, 1431, 1432 and 1433, as also sections 5207, 5208, 5209 and 5210, as also sections 524 and 525.] It follows from these views that the writ of *habeas corpus* should be denied. *Brown, P. J.,* and *Walker, J.,* concur.