MYERS v. HALLIGAN, Warden of United States Penitentiary, et al.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

No. 2869.

HABEAS CORPUS &=4—GROUND OF RELIEF—WANT OF JURISDICTION.

One convicted may not be released on habeas corpus because tried while an escaped insane patient, this not depriving the court of jurisdiction, so trying him being, at most, error for which appeal is the remedy.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Habeas corpus by Charles Myers against O. P. Halligan, Warden, and another. From an adverse judgment, petitioner appeals. Affirmed.

Van M. Dowd, of Tacoma, Wash., for appellant.

Clay Allen, U. S. Atty., of Seattle, Wash., and Geo. P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. On November 21, 1914, the petitioner herein was brought before a United States commissioner for trial, on a charge of obtaining money under false pretenses, and, having entered a plea of insanity, the trial proceeded. The jury impaneled in the cause found that Myers was insane at the time, and he was ac-

cordingly committed to the Morningside Sanitarium, at Portland, Or., on May 6, 1915. He escaped from that institution in June, and was next in evidence at Tanana, Alaska, in July, 1915. He was later arrested and put on trial for the offenses of which he was convicted. The judgment shows that he was indicted February 19, 1916, that the offenses with which he was charged were committed October 3, 1914, near the time of the commission of the offense for which he was previously tried, and that he was committed to the penitentiary at McNeil Island for the aggregate term of five years. The proceeding now inaugurated and pending is designed to liberate him from prison.

The principal, and in reality the only, ground relied upon for his liberation is that he could not be lawfully tried while an escaped insane patient.

We think the plain answer to the contention is that the fundamental underlying principle of the writ of habeas corpus is that it is not in any sense a writ of error, and cannot be used to correct mere irregularities in procedure.

"No court," says the Supreme Court in Kaizo v. Henry, 211 U. S. 146, 148, 29 Sup. Ct. 41, 42 (53 L. Ed. 125) "may properly release a prisoner under conviction and sentence of another court, unless for want of jurisdiction of the cause or person, or for some other matter rendering its proceedings void."

Or, as concisely stated in the headnote to Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849:

"The writ of habeas corpus cannot be used for purposes of proceedings in error; the jurisdiction under the writ is confined to determining from the record whether the petitioner is deprived of his liberty without authority of law."

See, also, Glasgow v. Moyer, 225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147, and Ex parte Spencer, 228 U. S. 652, 33 Sup. Ct. 709, 57 L. Ed. 1010.

The petitioner files his own petition for the writ, not by another; and neither in his petition nor in a lengthy affidavit filed in its support does he pretend that he was insane or non compos at the time of the trial at which he was convicted.

The trial, it will be noted, was upon different charges from the one preferred against him at the trial on which he was adjudged insane. He therefore was in a position to interpose the defense of insanity in the later case as well, or the defense, if it amounted to such, that he was an escaped insane person, and if he neglected to do so, it was a matter of his own choosing. That court was competent to try all these matters, and if it erred touching the same, the petitioner's remedy was by appeal therefrom, and not by writ of habeas corpus. That he might have been insane at the time of the commission of the offenses with which he was charged, or at some time had been adjudged insane and had escaped from his place of confinement without a regular discharge, affords no reason why the court was without jurisdiction to try him on the later charges. Insane persons are brought into court every day, and their cases are humanely and properly disposed of without resort to habeas corpus. We are unable to see that the petitioner here is any exception to the general rule.

Judgment affirmed.