## WHITNEY v. ZERBST, Warden.

### No. 739.

Circuit Court of Appeals, Tenth Circuit.

Jan. 11, 1933.

. Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus.

On February 21, 1930, petitioner was adjudged insane in the District Court of the Second Judicial District, State of Nevada, and committed to the Nevada Hospital for mental diseases.

Petitioner left such hospital without permission on June 27, 1930, and on August 11, 1930, at Salt Lake City, Utah, committed the offense referred to hereinafter.

On August 30, 1930, a complaint was filed before a United States Commissioner for the District of Utah charging the petitioner with a violation of section 32 of the Criminal Code, section 76, title 18, U. S. C. A. A warrant for his arrest was issued thereon and he was arrested and taken into the custody of the United States Marshal for the District of Utah under such warrant. The District Court of the United States for the District of Utah ordered him returned to the Nevada Hospital for mental diseases.

On October 11, 1930, he was transferred from the Nevada institution to the psychopathic ward, County Hospital, Los Angeles, California. On October 16, 1930, after a hearing in the Superior Court of the State of California in and for the county of Los Angeles, he was found to be "mentally sick and bordering on insanity, but not dangerously insane," and was ordered "committed to the care and custody of. the Psychopathic Probation Officer of the county of Los Angeles."

On April 10, 1931, an indictment was returned against him in the United States District Court for the District of Utah charging him with a violation of section 76, title 18, U. S. C. A. On April 15, 1931, he was arrested at San Antonio, Texas, on a fugitive warrant issued by the United States Commissioner for the Northern District of Texas. On April 17, 1931, he was removed to the District of Utah under a warrant of removal issued by the United States District Court for the Northern District of Texas. Thereafter he was tried upon such indictment, found guilty and sentenced to confinement in a United States Penitentiary for a period of three years and was committed to the United States Penitentiary at Leavenworth, Kansas, to serve such sentence. His sentence commenced June 10, 1931, and had not been completed at the time of the entry of the order herein denying the writ.

At the criminal trial, evidence with respect to the petitioner's insanity was introduced and that issue was submitted to the jury under appropriate instructions and the jury found that the petitioner was sane.

The petitioner contends that because he was an "escape" from the custody of the Psychopathic Probation Officer of the county of Los Angeles, the removal proceedings were unlawful and the United States District Court for the District of Utah was without jurisdiction to try him on the criminal charge.

The jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful or the removal proceedings illegal would not affect such jurisdiction. In re Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103; Mahon v. Justice, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283; Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047; Ker v. Illinois, 119 U. S. 436, 444, 7 S. Ct. 225, 30 L. Ed. 421; Cardigan v. Biddle (C. C. A. 8) 10 F.(2d) 444.

972

But we are of the opinion that the removal proceedings were lawful and the court had jurisdiction to try the petitioner on the criminal charge.

We cannot subscribe to the doctrine that a person committed for insanity who escapes and commits a criminal act is, because of such commitment, immune from prosecution therefor.

Where, after an adjudication of insanity and commitment to an asylum in a civil proceeding, a person so adjudged and confined commits a criminal act, a court having jurisdiction over the offense may take him into custody and try him for such offense in the absence of statutory provision to the contrary. Myers v. Halligan (C. C. A. 9) 244 F. 420; In re McWilliams, 254 Mo. 512, 164 S. W. 221.

While insanity, in the sense that term is used in the criminal law, at the time the criminal act was done may be asserted as a defense to the criminal charge and present insanity may be asserted as a bar to trial on such charge, the issues with respect to such a defense or bar are for the determination of the court having jurisdiction of the criminal offense. In re McWilliams, 254 Mo. 512, 164 S. W. 221. The court may submit the issue of present insanity as a bar to trial to a jury impanelled for that purpose, or may determine the issue itself. Insanity at the time of the commission of the offense is a defense and presents an issue under the plea of not guilty for the determination of the jury at the trial for the offense. Ex parte Charlton (C. C. N. J.) 185 F. 880; Charlton v. Kelly, 229 U. S. 447, 462, 33 S. Ct. 945, 57 L. Ed. 1274, 46 L. R. A. (N. S.) 397; Youtsey v. United States (C. C. A. 6) 97 F. 937.

While an adjudication of insanity is admissible in evidence upon the trial of an issue of insanity at a time subsequent to such adjudication (State v. McMurry, 61 Kan. 87, 58 P. 961; Wheeler v. State, 34 Ohio St. 394, 32 Am. Rep. 372; Hempton v. State, 111 Wis. 127, 86 N. W. 596), it is not conclusive and may be rebutted by other evidence. Hale v. Harris, 169 Mich. 172, 134 N. W. 1111; Eagle v. Peterson, 136 Ark. 72, 206 S. W. 55, 57, 7 A. L. R. 553.

The issue of insanity was determined adversely to petitioner at the trial on the criminal charge and any error in such trial proceedings not going to the jurisdiction of the court is not subject to review by habeas corpus. Where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. The writ cannot be made a substitute for an appeal. Cardigan v. Biddle, supra; McIntosh v. White (C. C. A. 8) 21 F.(2d) 934; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

We conclude that the writ was properly denied.

The judgment is affirmed.