**KING v. SMITH.**
No. 11406.

Circuit Court of Appeals, Ninth Circuit.
Dec. 31, 1946.

Jerry King, pro. se.

Smith Troy, Atty. Gen., Edward J. Lehan and A. R. Naccarato, Asst. Attys. Gen., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

Appellant, an inmate of the Washington State Penitentiary, filed his petition for a writ of habeas corpus in the district court, alleging that in a criminal proceeding in the superior court of that State he had been induced to plead guilty to a charge of grand larceny by false representations of a state prosecuting officer in charge of the prosecution, and that in another and later charge filed against him in the same court wherein he was charged with the crime of being an habitual criminal, one of the three convictions on which the charge was based, being the above case in which he claimed the false representations were made, he was unlawfully convicted, without the intervention of, and trial before, a jury.

The lower court granted leave to proceed in forma pauperis and appellant was produced before the court and a hearing had on May 13, 1946. By answer to the petition and return to show cause, appellee put in issue all of the material allegations of appellant's petition.

Before proceeding with the hearing, the court inquired of appellant whether he was appearing pro se in his own behalf or was represented by counsel. Appellant advised the court that he was ready to proceed on his application; that he would call no witnesses and would testify in his own behalf.

After the close of the case, the court stated that he would hear appellant on any argument or statement he cared to make on the merits of his case to which suggestion appellant replied that "there isn't much I can do, unless I was appointed a counsel, I would appreciate that". The court stated that he could not appoint coun-

sel at that time and that "it is a matter of your speaking for yourself or not, just as you see fit * * * the court will hear you".

On this appeal appellant does not assign this ruling as error, but assails it in his brief, and we consider it. In substance, his contention is that this ruling deprived him of a fair hearing in the lower court because he was refused the aid of counsel to make an argument for him after the completion of all of the evidence and testimony in the case.

Appellant does not suggest to us nor does the record show any curtailment of his right to introduce evidence beyond that which he offered in the testimony in his own behalf. He does not argue or even suggest that evidence of any kind was withheld or suppressed. The showing of appel-lee, on the hearing, was comprised exclusively of documents relating to and setting forth a history of the proceedings in connection with the trial and conviction of appellant in the state court. Their authenticity was not impeached.

The record on this hearing is short and free from ambiguities and it obviously represents a complete exposition of all of the pertinent and relevant facts which both parties desired to present to the court. Appellant's petition cited the authorities upon which he relied, and also cited the case in the Supreme Court of the State of Washington wherein that court considered the validity of the state sentence and imprisonment challenged in this action. (See State v. King, 18 Wash. 2d 747, 140 P.2d 283.) The court made findings [1] and conclusions and they fairly and adequately state the

[1] Omitting formalities, the Findings of Fact are as follows:

"I. On the 20th day of November, 1926, petitioner was duly arraigned on an information filed in the superior court of the State of Washington for Yakima County, charging him with the crime of grand larceny. The petitioner was brought before the Honorable A. W. Hawkins, judge of the superior court of the State of Washington and petitioner appeared in his own proper person. He was asked by the court if he desired counsel, to which he replied that he did not and the petitioner's plea of guilty was received and duly entered by the court and judgment of conviction pronounced and signed.

"II. Petitioner was charged with being an habitual criminal and duly arraigned. The petitioner was advised by the court, Honorable V. O. Nichoson, presiding, that if the petitioner wished an attorney, one would be appointed to assist him. The petitioner responded that he had not consulted with an attorney and the court thereupon appointed James S. Freece, a duly licensed attorney at law, to represent him. Thereafter, petitioner, accompanied by appointed counsel, came into open court on the 23rd day of December, 1926, and entered a plea of guilty to the charge of being an habitual criminal and judgment and sentence were pronounced and signed and petitioner was sentenced to be punished by confinement at hard labor in the state penitentiary at Walla Walla, Washington, for the remainder of his life.

"III. On April 20, 1942, the petitioner filed his petition for a Writ of Habeas Corpus with the supreme court of the State of Washington to obtain his release from custody on the ground that his sentence was illegal and void. Following a hearing by the state supreme court, an order was entered directing the superior court for Yakima County to determine whether or not the petitioner had ever been sentenced for the crime of grand larceny and directing that if such a sentence had not been entered and there were no legal defects in the record preventing further action by the court, then the said superior court was to sentence petitioner for the crime of grand larceny taken in connection with the finding that the petitioner was an habitual criminal. Pursuant to said order, petitioner was on February 4, 1943, adjudged guilty of grand larceny and adjudged to be an habitual criminal and sentenced to be punished by imprisonment for the remainder of his life at the state penitentiary at Walla Walla, Washington.

"IV. Subsequent to the entry of the judgment and sentence, as aforesaid, the petitioner appealed to the Supreme Court of the State of Washington and the judgment and sentence entered by the trial court were approved by the supreme court of the State of Washington in an opinion recorded in State v. King, 18 Wash.2d 747, 140 P.2d 283.

"V. The petitioner did not at the time he was brought before the Superior Court of the State of Washington for Yakima County, on the 4th day of March, 1943, complain that he had been induced to enter his plea by virtue of false promises or trickery of prosecuting officials or that he had been denied representation by counsel or denied the right of trial by jury;

facts dealing with the challenged conviction of appellant and correctly apply the law.

As respects the belated request for counsel to argue issues previously presented to the court, we are not persuaded that the able and experienced trial judge would have been further advised or enlightened by such an argument on a record as completely revealing as the one presented. It can hardly be contended that it is a novel procedure for a court to suggest that it does not require argument of counsel on matters clearly presented, the significance of which are obvious to the court.

When the request came, the trial judge was in the favorable position of knowing whether he would be assisted in weighing the evidence before him by argument of a then appointed counsel. That he did not then appoint counsel was not an abuse of discretion. On the record we feel that this court is not in position to substitute its judgment for that of the trial judge by determining the propriety or necessity of such an appointment.

There is not a syllable in the record to indicate (as appellant suggests) that the judge was seeking for an excuse to deny the writ. On the contrary, we are convinced that appellant had a fair hearing.

Finally to consider the matters formally assigned as error upon appeal. The appellant assigns as error:

"1. The District Court erred in denying the writ of habeas corpus without first issuing the writ and holding a hearing on the issues raised by the pleadings.

"2. The District Court erred in basing its findings of fact and conclusions of law solely upon the answer and return of the respondent to the order to show cause."

These contentions are without merit. As to the first, the Supreme Court has held that an actual hearing on the order to show cause is the equivalent of a hearing after the issuance of the writ. Here the appellant appeared in court thereby completely satisfying the only requirement of the writ. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed.. 830; Beckett v. Hudspeth, 10 Cir., 131 F.2d 195, 197. As to the second, it is clear from the record that the court below based its decision on the evidence and testimony given at the hearing, and found to be true the facts as stated by the Warden, the successful litigant.

Judgment affirmed.

---

the claimed violations of constitutional rights now relied upon by petitioner as grounds for his release were not submitted to the Supreme Court of the State of Washington upon petitioner's appeal from the judgment and sentence pronounced and entered by the lower court."

On these Findings the court concluded that the rights, privileges, and immunities guaranteed by the constitution and the laws of the State of Washington and of the United States have been accorded the petitioner and that his present confinement is upon a valid judgment and sentence of the state court.