Curtis J. HURT, Appellant,

v.

R. P. BALKCOM, Jr., Warden, Georgia State Prison, Reidsville, Georgia.

No. 15507.

United States Court of Appeals
Fifth Circuit.

June 28, 1955.

28. 1954, 214 F.2d 525, 526.

29. 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 and 304 U.S. 1, 58 S.Ct. 773, 777, 999, 82 L.Ed. 1129.

30. 5 Cir., 222 F.2d 484.

**22**

Charles L. Gowen, Brunswick, Ga., for appellant.

Eugene Cook, Atty. Gen., E. Freeman Leverett, Asst. Atty. Gen., Robert H. Hall, Deputy Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

PER CURIAM.

Appealing from an order denying his petition for habeas corpus, petitioner presents a single question for our decision. This is whether, in a prior habeas corpus proceeding testing the legality of his detention by the Warden of the Georgia State Prison at Reidsville, the refusal of a Georgia State Court to appoint counsel for him was a denial of due process.

The claim below was, and here is, that while ordinarily the court is not obligated to furnish an applicant for habeas corpus with counsel, under the allegations in this case that applicant had not been convicted by a court but had been illegally seized in Kentucky and brought back to Georgia to serve a sentence imposed not upon him but upon another, due process required that in the habeas corpus proceeding, where the claims were tried out and rejected, he be furnished, upon his request, the assistance of appointed counsel.

Admitting appellant's claim that counsel was not appointed for him in the state court on the ground that the law did not provide therefor, appellee, controverting his claim that he was illegally seized and has been held in custody for an offense for which he was not tried, points to the record [1] showing that this is not so. So pointing, he insists that, for the four rea-

1. On or about March, 1930, petitioner was convicted in Meriwether Superior Court of the crime of robbery, under the name of Jack Mansfield, and given a sentence of from 15 to 20 years on two counts, the terms to run consecutively. Subsequently thereto, on June 23, 1932, petitioner escaped from the Pickens County Highway Camp, and still later, on or about April 26, 1941, was captured in Kentucky and returned to Georgia under extradition warrant.

Upon return to serve his sentence in this state, he was content to remain in prison for a period of approximately twelve years, when on Dec. 11, 1953, a petition for habeas corpus was presented to the Judge of the Tattnall Superior Court. Upon the hearing pursuant to the writ had on Jan. 9, 1954, petitioners request that the Court appoint counsel to represent him was refused by the trial judge on the ground that he had no authority to do so under Georgia law, and this failure of the trial court to appoint counsel was assigned as error in the bill of exceptions taken to the Georgia Supreme Court.

At the hearing in the Tattnall Superior Court, the personal testimony of the person whom petitioner had been convicted of robbing in Meriwether County was offered to the effect that petitioner was in fact the person who had robbed him. The victim, Mr. Anderson, testified: "I have not the slightest doubt about his identity though he is older now." In addition, there was introduced in evidence an affidavit of the officer who traveled to Paducah, Kentucky in May, 1941, and returned petitioner to Georgia under the extradition proceedings. Affiant stated that at no time during the extradition proceedings did petitioner deny his identity.

sons put forward in his brief,[2] and upon the authorities [3] cited by him, appellant's claim was and is entirely unmeritorious.

We agree that this is so and that the judgment must be affirmed.

Affirmed.

The trial court denied the application for habeas corpus, and the Supreme Court of Georgia affirmed, Hurt v. Balkcom, 1954, 210 Ga. 577, 82 S.E.2d 3. The Supreme Court of the United States denied certiorari, 348 U.S. 846, 75 S.Ct. 68, 99 L.Ed. ——. On November 9, 1954, petitioner had filed in the United States District Court for the Southern District of Georgia, Savannah Division, the petition for habeas corpus which is now before this court for review.

2. These are:

"1. Since petitioner has already been returned to Georgia, the demanding state, any irregularities in the extradition proceedings are moot and not subject to question now by habeas corpus or otherwise.

"2. Appointment of counsel on habeas corpus proceedings in state. court is not required by the due process clause of the Fourteenth Amendment.

"3. Even assuming, arguendo, that in some instances appointment of counsel is so required, where the grounds of the habeas corpus petition are clearly without merit as a matter of law, refusal of the trial court to appoint counsel is not error.

"4. The guilt or innocence of the accused, i. e., the question of identity with respect to commission of the offense, is not a federal question, and hence is not reviewable on habeas corpus under 28 U.S.C.A. 2241(c) (3)."

3. Brown v. Johnston, 9 Cir., 91 F.2d 370; Whitaker v. Johnston, 9 Cir., 85 F.2d 199; Stidham v. U. S., 8 Cir., 170 F.2d 294; King v. Smith, 9 Cir., 158 F.2d 715; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Carlson v. Landon, 342 U.S. 524, 546, 72 S.Ct. 525, 96 L.Ed. 547; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Lascelles v. State of Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549; Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, 165 A.L.R. 947.