**James Patrick RYAN, Petitioner,**

v.

**Harry C. TINSLEY, Warden of the Colorado State Penitentiary, Respondent.**

**Civ. No. 6357.**

United States District Court
D. Colorado.

March 20, 1959.

James Patrick Ryan, pro se.

Duke W. Dunbar, Atty. Gen., for defendant.

ARRAJ, District Judge.

This matter comes to the attention of the Court for the third time, within a thirteen month period, on the petition of James Patrick Ryan for a writ of habeas corpus. His first petition was filed February 12, 1958, Civil Action Number 5957, and the Court entered an Order denying same on February 17, 1958. On April 17, 1958, petitioner filed his second petition for a writ of habeas corpus, Civil Action No. 6040, which was substantially the same as his original petition, except that some additional exhibits were attached. The latter petition was denied on April 30, 1958. In both of the above petitions jurisdiction was claimed under the Civil Rights Act, 28 U.S.C.A. § 1343.

In the third petition just filed, petitioner claims jurisdiction under the provisions of Title 28 U.S.C.A. § 2241, Subsection (a), which provides as follows:

"Writs of habeas corpus may be granted by the Supreme Court, any

justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."

To further support petitioner's claim of jurisdiction he alleges,

"Also, the petitioner is in custody in violation of the Constitution and laws of the United States of America."

Factually, the petition recites, in substance that petitioner was arrested in Casper, Wyoming, upon the basis of a "Hold for Colorado Order" and was held incommunicado in the Natrona County, Wyoming jail for twenty-five days; during that time he was not given a hearing, was not informed of the charges against him and not permitted to and was denied the right to see and consult with his attorney. Petitioner further alleges that he was turned over to the Colorado authorities and was later sentenced in the District Court of Montrose County, Colorado to the Colorado State Penitentiary (where he is now incarcerated) for a term of eighteen to twenty years.

Petitioner further states that he filed a petition for a writ of habeas corpus in District Court of Montrose County, Colorado, which was denied; that on appeal to the Colorado Supreme Court, the appeal was treated as a writ of error and was denied by that Court without opinion. Apparently an application for a writ of certiorari was not made to the United States Supreme Court. For the purpose of considering this petition, every factual statement contained therein will be considered as true. This Court also will assume that an application for a writ of certiorari, if made, in connection with the decision of the Colorado Supreme Court denying the petition for writ of habeas corpus would be denied— thereby placing this case in the posture that it comes to this Court with the petitioner having exhausted all of his remedies in the State Courts. And we will proceed to make a determination of the case on the merits.

The Court is of the opinion that it appears from the face of the petition that petitioner is not entitled to a writ of habeas corpus from this Court and that his petition should be denied for the following reasons:

■■ Petitioner admittedly is in custody under a sentence imposed by the District Court of Montrose County, Colorado. He did not claim that the sentence was improper or that the sentencing Court did not have jurisdiction over the offense charged. His position apparently is that the Wyoming authorities denied him due process of law by holding him incommunicado in the Natrona County jail and then turning him over to the Colorado authorities, who were cognizant of the action by the Wyoming officials; and, therefore, all actions done by the State of Colorado, including his trial and sentencing, are null and void. This position is an untenable one. The general rule is set out in 165 A.L.R. at page 948, wherein it is stated:

"It is virtually a universal rule of law that where a person accused of a crime is found within the territorial jurisdiction wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings."

A long line of federal cases is cited for the general rule, and the reason given for the rule is that present valid process is not rendered invalid because of the illegality of the events which preceded, or made the detention physically possible.

In 22 Am.Jur. 304 (Extradition, Sec. 65) it is said that,

" * * * no matter how and from where the defendant is brought into the jurisdiction, he is not entitled,

under the Constitution or laws of the United States, to release from detention."

The rule laid down by the United States Supreme Court is set out in Pettibone v. Nichols, 1906, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148, wherein, it is said:

> "It is sufficient to say that * * * [the] allegations present the case of a conspiracy between the governors of Idaho and Colorado, and the respective officers and agents of those states, to have the accused taken from Colorado to Idaho under such circumstances and in such way as would deprive him, while in Colorado, of the privilege of invoking the jurisdiction of the courts there for his protection against wrongful deportation from the state * * *." 203 U.S. at page 200, 27 S.Ct. at page 113.

Petitioner was awaiting trial in Idaho when he applied for a writ of habeas corpus in the Federal Courts.

> " * * * the petitioner contends that his arrest and deportation from Colorado was, by fraud and connivance, so arranged and carried out as to deprive him of an opportunity to prove, before the governor of that state, that he was not a fugitive from justice, as well as opportunity to appeal to some court in Colorado to prevent his illegal deportation from its territory. If we would assume, upon the present record, that the facts are as alleged, it is not perceived that they make a case of the violation of the Constitution or laws of the United States. * * * That he had no reasonable opportunity to present these facts before being taken from Colorado constitutes no legal reason why he should be discharged from the custody of the Idaho authorities. No obligation was imposed *by the Constitution or laws of the United States* upon the agent of Idaho to so time the arrest of the petitioner, and so conduct his

deportation from Colorado, as to afford him a convenient opportunity, before some judicial tribunal sitting in Colorado, to test the question whether he was a fugitive from justice and, as such, liable, under the act of Congress, to be conveyed to Idaho for trial there." 203 U.S. at pages 204–205, 27 S.Ct. at page 114.

The above doctrine now appears to be well settled in view of Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. The Court there summarily disposed of the argument by petitioner that trial and conviction following an abduction from one state to another was a violation of due process. The Court said, 342 U.S. at page 522, 72 S.Ct. at page 511,

> "This Court has never departed from the rule announced in Ker v. [People of State of] Illinois, 119 U.S. 436, 444 [7 S.Ct. 225, 229, 30 L.Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

And that doctrine has been applied several times by the Court of Appeals of the Tenth Circuit. In Whitney v. Zerbst, 10 Cir., 1933, 62 F.2d 970, at page 971, it is said:

> "The jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlaw-

ful or the removal proceedings illegal would not affect such jurisdiction." (Citing, among others, Pettibone v. Nichols.)

And in McMahan v. Hunter, 10 Cir., 1945, 150 F.2d 498, at page 499 the Court said:

"Pursuant to a regular hearing on these issues, the trial court rightly held that the manner in which the sentencing court acquired jurisdiction of the petitioner was not open to review on habeas corpus."

Applying the above doctrine to the facts as set out in the petition herein, no alternative is offered but to hold that petitioner is not entitled to the relief sought. It is

Ordered that the petitioner's application for a writ of Habeas Corpus be filed in Forma Pauperis without the prepayment of the filing fee, it is further

Ordered that the application for the issuance of a writ of Habeas Corpus be denied.