## DWYER v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 94, September Term, 1959.]

*Decided July 5, 1960.*

Before Brune, C. J., and Henderson, Hammond and Horney, JJ.

Henderson, J., delivered the opinion of the Court.

This applicant for leave to appeal from a denial of post conviction relief was indicted in January, 1956, for assault with intent to rob. He was tried in November, 1957, convicted by a jury, and sentenced to five years. The record shows that his attorney filed pleas of insanity and of not guilty on April 3, 1956, and, pursuant to order of court, he was sent to Spring Grove State Hospital for the insane for observation, to be returned to stand trial "at the expiration of the period of observation." He remained in the institution until October, 1957, when he was returned with a report expressing the opinion that he was sane. The case was thereupon set for trial, and after hearing all the evidence, the jury found that he was sane at the time of the offense, sane at the time of trial, and guilty as charged. He took no appeal from the sentence.

The court below took the view that the questions of sanity

were *res judicata,* relying upon the decisions of this Court in the *habeas corpus* cases of *Kohnen v. Warden,* 202 Md. 658, 659, and *Clements v. Warden,* 211 Md. 628. The further point was made in the *Kohnen* case that *habeas corpus* is not available as a remedy, even if "the court erred in sentencing an escaped insane patient," citing *Myers v. Halligan,* 244 Fed. 420 (C. C. A. 9th Cir.). This would also be true of post conviction relief, unless there were shown to be a denial of procedural due process. But the petitioner in the instant case contends that he could not constitutionally be tried, after commitment to the institution, unless and until there was a "sanity hearing" to determine that he was competent to stand trial.

In *Robinson v. Johnston,* 50 F. Supp. 774 (D. C. Cal.), it was held that it was a denial of due process for the court to accept a plea of guilty from an accused, known to have been previously adjudicated insane, without the appointment of counsel, and without any finding as to sanity. In *Gunther v. United States,* 215 F. 2d 493 (C. C. A. D. C.), it was held that the failure to make a preliminary finding of sanity, after a prior finding of insanity and commitment, violated the statute prescribing the Federal procedure. These cases are readily distinguishable. In the instant case there was no prior adjudication, the commitment being simply for purposes of observation. The accused was represented by competent counsel, and we think the issues were properly submitted to the jury without the necessity for any preliminary hearing under the circumstances. We find no violation of constitutional rights.

*Application denied.*