The UNITED STATES of America ex rel. Frank DeCLARA, Petitioner,

v.

William C. JOHNSON, Matteawan State Hospital, Respondent.

No. 69-C-867.

United States District Court
E. D. New York.

Aug. 1, 1969.

Frank DeClara, pro se.

MEMORANDUM AND ORDER

JUDD, District Judge.

Petitioner seeks a writ of habeas corpus. He alleges that he has been declared insane and is a patient in Matteawan State Hospital, Beacon, New York. It appears that he was indicted in 1966 for murder in the first degree by a grand jury in Kings County, but found mentally incompetent to stand trial.

The petition does not contest the constitutionality of the hearing which resulted in his present detention. He objects to the alleged refusal of the Warden

of the Queens House of Detention to give him transcripts of an extradition hearing held on February 3, 1966 in Stamford, Connecticut. A letter dated October 1, 1968 from the clerk of the Appellate Division, Second Department, indicates that no papers belonging to the petitioner remain in the Warden's possession. The relevance of the extradition transcript at this time is not clear, since alleged irregularities in extradition proceedings are not open to review after a defendant has been brought within the jurisdiction of a court for trial. Ryan v. Tinsley, 182 F. Supp. 130 (D.Colo.1959); Hurt v. Balkcom, 224 F.2d 21 (5th Cir. 1955).

Petitioner's papers are voluminous and indicate some degree of intelligence in their preparation. On the sanity hearing in the State Supreme Court on July 10, 1967, the psychiatrist for the People relied on the fact that petitioner had already prepared and conducted a number of *pro se* proceedings as evidence that he was able to understand the charges against him and assist counsel in his defense. The court was apparently persuaded to the contrary by the psychiatrist called by petitioner, who testified that petitioner was incapable of understanding the charges against him and proceeding and making his defense.

The petition and supporting papers do not show that he has made any recent application in the state courts for a determination of his present sanity so that he may be brought to trial on the pending indictment. This must precede any application for such relief in the federal courts. 28 U.S.C. § 2254(b).

The reasonable regulation of petitioner's mail is within the power of his warden. Petitioner's objection to the application of this regulation has no merit.

The Clerk is requested to return to petitioner the transcript which he submitted.

The petition is dismissed.

So ordered.