## HALL v. JOHNSTON, Warden. *

### No. 8273.

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1936.

H. Karl Hall, in pro. per.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Petitioner seeks release from further imprisonment on the ground that (a) his incarceration is illegal; (b) because he was kidnapped and brought into the jurisdiction of the court to answer the indictment and that at the time the offense was committed and at the time of trial he was insane; (c) because consecutive sentences were illegally imposed.

It appears from the record that the defendant was indicted on two counts and, upon his plea of guilty, on each count sentence was imposed, on count one for three years and "in addition for a period of ten (10) years on the second count and stand

*Rehearing denied Feb. 23, 1937.

committed. * * *" And "it is further ordered that the United States Marshal * * * deliver the body of the defendant * * * to the * * * warden of * * * Penitentiary * * * for safe keeping for a period of thirteen (13) years from this date (November 21, 1934)." Petition for writ was filed March 11, 1936.

█ It is, of course, fundamental that a writ of habeas corpus cannot take the place of a writ of error. Whether the appellant was insane at the time of the commission of the offense or at the time of trial was a matter of defense, if the court had jurisdiction to determine the issue. As against collateral attack, the judgment is valid unless the contrary appears in the record, and omission in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on a writ of habeas corpus. Archer, Warden, v. Heath (C.C.A.) 30 F.(2d) 932. The jurisdiction of the court is conceded and the judgment of the court on the record here entered under such circumstances may not be collaterally attacked. Fenton v. Aderhold, 44 F.(2d) 787 (C.C.A.5th Circuit, 1930.)

██ Nor will a prisoner be discharged for defects in the original arrest or commitment where there is sufficient ground for detention. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940. In the instant case the basis of arrest is an indictment returned by the grand jury. Nor can the sentences imposed by the trial court to have consecutive operation be the basis for the writ sought. This court in Van Gorder v. Johnston, 82 F.(2d) 729, held that a judgment providing for consecutive sentences was proper. Whether the sentences upon the several counts should have concurrent or consecutive operation is not now before the court. The incarceration of the defendant upon either the first or the second count is legal. By the provisions of section 710, title 18 U.S.C.A. the period of sentence upon either of the counts has not expired, assuming the petitioner is entitled to the credit given by this section.

█ The trial court had jurisdiction, and as nothing appears upon the face of the record to indicate the contrary, the presumption will obtain that the defendant's rights were carefully guarded throughout the proceeding. The order denying the writ of habeas corpus was right.

Affirmed.