McDONALD v. HUDSPETH, Warden.

No. 1954.

Circuit Court of Appeals, Tenth Circuit.

Jan. 4, 1940.

Milton J. Keegan, of Denver, Colo., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This appeal brings for review an order denying a petition for a writ of habeas corpus. In 1933, Robert A. McDonald, hereinafter called petitioner, was convicted in the United States Court for the Western District of Texas and sentenced to imprisonment for six years; and in 1937, he was given a conditional release from the United States penitentiary at Leavenworth, Kansas. In February, 1938, the United States Board of Parole issued its warrant for his retaking on the ground that according to reliable information he had violated the conditions of his release, and was therefore deemed to be a fugitive from justice. In May, 1938, an indictment containing two counts was returned against petitioner in the United States Court for Western Texas, each count charging the transportation of a stolen automobile in interstate commerce. Two days later he entered a plea of guilty to such indictment and was sentenced to imprisonment for a term of four years on each count with provision that the two periods should run consecutively. Commitment issued, petitioner was delivered to respondent, warden of the penitentiary at Leavenworth, and is being detained under such process. In addition, the warrant of the Board of Parole is in the hands of respondent as a hold order for the arrest of petitioner after the sentence imposed in 1938 shall have been served.

The petition for the writ is directed solely at the judgment and sentence imposed in 1938; and such judgment and sentence is attacked only on the ground that at the time petitioner entered his plea of guilty he was denied the right to the assistance of counsel. The court below expressly found that he was not denied such right; that instead he was advised thereof, and that he freely, voluntarily, intelli-

gently, understandingly and in a competent manner entered his plea of guilty.

The finding that petitioner entered his plea of guilty in the manner and under the circumstances stated is challenged. Affidavits were introduced in evidence which tended to show that about a week prior to the time such plea was entered, a special agent for the Bureau of Investigation, Department of Justice, stated to petitioner that he did not have to make a statement, that any statement he might make could be used in evidence against him, that he was entitled to be represented by counsel, and that the federal grand jury would convene about a week hence; that petitioner stated he had literally flooded Southwest Texas with forged checks, sometimes passing as many as three to five a day, that he knew it was desired to prosecute him for forgery in at least nine counties, and that within a few weeks prior to that time he had engaged in gun fights with officers on three different occasions; that he had served sentences in the state penitentiary in Texas and in the federal penitentiary at Leavenworth; that conditions in the state penitentiary were bad; that he highly desired to enter a plea of guilty in the United States Court and be sentenced to a federal penitentiary in order to avoid a sentence for life in the state penitentiary as a habitual criminal, and he urged that the facts relating to the two charges of transporting stolen cars in interstate commerce be presented to the federal grand jury in order that he could immediately enter a plea of guilty and thus avoid being sentenced to the state penitentiary; that he appeared in open court, was arraigned, and voluntarily entered his plea of guilty to each of the two counts; and that he was not deprived of the right to assistance of counsel. Two written statements in the nature of confessions, each signed by petitioner, were introduced in evidence. It was stated in one of them that he intended to enter a plea of guilty in the event he was indicted.

The Sixth Amendment to the Constitution of the United States, U.S.C.A., guarantees one charged with a crime the right to have counsel in his defense; but a defendant may waive the right provided it is waived intelligently, understandingly, and in a competent manner. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, certiorari denied, 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522. And the waiver of such right will ordinarily be implied where the accused appears in court without counsel and fails to request or indicate in any manner a desire that counsel be assigned to him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied, 60 S.Ct. 99, 84 L.Ed. ——; Cundiff v. Nicholson, 4 Cir., 107 F.2d 162. The finding is supported by substantial evidence and cannot be overturned for the want of it.

But it is contended that petitioner was insane at the time his plea of guilty was entered and that for such reason he lacked capacity intelligently, understandingly, and in a competent manner to waive his right to the aid of counsel. The contention is predicated upon a statement contained in the affidavit of the special agent previously referred to. After stating that he interviewed petitioner about a week prior to the time the plea of guilty was entered, and after stating that he advised petitioner of his right to be represented by counsel, the agent stated: "I was at that time cognizant of the fact that McDonald had on previous occasions defeated prosecution in two cases in the State Courts at San Antonio, Texas, through a successful plea of insanity and for that reason I took particular pains to explain to McDonald his rights in the matter." There is no other suggestion in the record that petitioner was insane at any time. There is no showing whatever that he was of unsound mind at the time the plea of guilty was entered. The statement of the agent is merely secondary evidence and the time is not shown. Furthermore, petitioner was in the federal penitentiary from 1933 until late in 1937—shortly before the first crime charged in the indictment to which he pleaded guilty was committed. It is fairly deducible that if such a defense was maintained in the state courts it occurred more than four years prior to the entry of the plea of guilty in question. Two presumptions have application. First, it is presumed that petitioner was sane at the time he pleaded guilty. The burden rests upon him to show otherwise. Second, the finding of the trial court that such plea was intelligently, understandingly and competently entered is presumptively correct. The burden rests upon him to overcome it. The statement made in the affidavit of the special agent is not enough to overbear both presumptions.

The order denying the writ is affirmed.