### CREEL v. HUDSPETH, Warden.
### No. 2010.

Circuit Court of Appeals, Tenth Circuit.
March 21, 1940.

Appellant pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from an order denying a petition for a writ of habeas corpus seeking the release of petitioner from the federal penitentiary at Leavenworth, Kansas. An indictment in two counts was regularly returned against petitioner and one Frank Howley in the United States Court for the Western District of Louisiana. The first count charged the transportation of a stolen automobile in interstate commerce, and the second charged the receipt, concealment, storage, barter, sale and disposition of such automobile after its transportation. Petitioner pleaded guilty to both counts, and was sentenced on the first to a term of three years in the penitentiary, while sentence on the second was suspended and petitioner was placed on probation for a period of five years. Commitment issued in due form and respondent detains petitioner under its terms.

■ The attack upon the judgment in the criminal case is that petitioner was not allowed the benefit of counsel. The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to have the assistance of counsel in his defense. But that is a personal right which may be waived provided it is waived intelligently, understandingly, and in a competent manner. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759. And ordinarily such waiver will be implied where the accused appears in court without counsel and fails to request or indicate in any manner a desire that counsel be assigned to assist him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied 308 U. S. 553, 60 S.Ct. 99, 84 L.Ed. ——.

■ The validity of a judgment and sentence in a criminal case may be challenged in a habeas corpus proceeding on the ground that the accused was denied his constitutional right to have assistance of counsel in his defense, but the judgment is presumed to be correct and may not be lightly set aside, and the burden rests upon the petitioner to show by a clear preponderance of evidence that he was denied such right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019.

■ Here it is merely alleged in the petition that petitioner was not allowed counsel. It is not alleged or suggested that he requested or indicated a desire that counsel be assigned to him. It appears from affidavits submitted on behalf of respondent, that petitioner stated while in jail that he desired to enter a plea of guilty; that when arraigned he stated that he wished to plead guilty; that he was asked if he understood the nature of the charge against him and responded that he did; that he admitted his guilt and made an earnest plea for a suspended sentence in order that he might take care of his small children whom he had deserted; that an agent of the Bureau of Investigation then outlined to the court petitioner's long criminal record; that the court then stated that in view of the nature of the offenses to which petitioner had pleaded guilty and in view of his past record, the plea for probation could not be entertained; and that sentence was then imposed. At no time during these proceedings did petitioner indicate a desire that counsel be assigned to assist him. The court below expressly found that the right to have the assistance of counsel was freely, voluntarily, intelligently, and competently waived. The finding is supported by substantial evidence, is not clearly erroneous, and therefore cannot be overthrown on appeal. Rule of Civil Procedure 52(a), 28 U.S.C.A. following section 723c.

The order is affirmed.