## PERS v. HUDSPETH, Warden.
### No. 1980.

Circuit Court of Appeals, Tenth Circuit.
March 21, 1940.

Appellant pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON Circuit Judge.

Petitioner was denied discharge from custody on a petition for a writ of habeas corpus and appealed. An indictment containing two counts was returned against petitioner and one William Clarence Duffy in the United States Court for Southern Iowa. The first count charged the possession and concealment with intent to pass of a false, forged and counterfeited Federal Reserve Bank Note, and the second charged an attempt to pass, utter and publish such obligation with intent to defraud. Petitioner initially pleaded not guilty but later entered a plea of guilty to both counts, and the court sentenced him on each count to ten years in the penitentiary with provision that the two sentences should run concurrently. Respondent detains petitioner under a duly issued commitment.

The judgment in the criminal case is attacked on the ground that petitioner was induced to enter the plea of guilty by certain threats, statements and promises made by an agent of the Secret Service of the United States which constituted coercion. The verified petition and an affidavit of the agent presented an issue of fact as to whether any such threats, statements and promises were made. The court found the issue against petitioner. The finding is supported by substantial evidence, is not clearly erroneous, and cannot be disturbed on appeal. Rule of Civil Procedure 52(a), 28 U.S.C.A. following section 723c. It therefore is not necessary to explore the legal question whether such an issue is appropriately justiciable in a proceeding in habeas corpus.

The judgment is attacked upon the further ground that petitioner was denied the benefit of counsel at the time he entered the plea of guilty. The right of a person charged with a crime to have the assistance of counsel in his defense may be waived provided it is waived intelligently, understandingly, and in a competent manner. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759. And ordinarily such waiver will be implied where the accused appears in court without counsel and fails to request or indicate in any manner a desire that counsel be assigned to assist him in his defense. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied, 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. ——.

The burden rested upon petitioner to show that he did not waive in that manner his right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461; Nivens v. Hudspeth, 10 Cir., 105 F.2d 756. The allegations contained in the verified petition and the statements made in affidavits submitted by respondent presented that question of fact. The trial court resolved it against petitioner. The finding is supported by substantial evidence, is not clearly wrong, and must therefore stand on appeal. Rule 52(a), supra.

The order denying the petition is affirmed.