## HUNT v. HUDSPETH, Warden.

### No. 1999.

Circuit Court of Appeals, Tenth Circuit.

April 12, 1940.

Harry G. Carlson, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order denying petitioner's application for a writ of habeas corpus.

An indictment containing five counts was returned against petitioner and Ed Killeon in the United States District Court for the Eastern District of Oklahoma. Counts one, two and three of the indictment were drawn under Section 194 of the Criminal Code, 18 U.S.C.A. § 317; counts four and five were drawn under Section 189 of the Criminal Code, 18 U.S.C.A. § 312.

Section 194 of the Criminal Code, supra, reads as follows: "§ 317. (Criminal Code, section 194, amended.) Stealing, secreting, or embezzling mail matter. Whoever shall steal, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office or station thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein, or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or whoever shall steal, take, or abstract, or by fraud or deception obtain any letter, postal card, package, bag, or mail, which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or whoever shall buy, receive, or conceal, or aid in buying, receiving, or concealing, or shall unlawfully have in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been so stolen, taken, embezzled, or abstracted; or whoever shall take any letter, postal card, or package out of any post office or station thereof, or out of any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or station thereof, or other authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall open, secrete, embezzle, or destroy the same, shall be fined not more than $2,000, or imprisoned not more than five years, or both."

Section 189 of the Criminal Code, supra, reads as follows: "§ 312. (Criminal Code, section 189.) Injuring mail bags. Whoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing used or designed for use in the conveyance of the mail, or shall draw or break any staple or loosen any part of any lock, chain, or strap attached thereto, with intent to rob or steal any such mail, or to render the same insecure, shall be fined not more than $500, or imprisoned not more than three years, or both."

The first count of the information charged that on January 31, 1935, at Poteau, Oklahoma, petitioner and Killeon did steal, take and carry away from an authorized depository for mail matter in transit, at the depot of the Kansas City Southern Railway Company, two mail pouches and eleven mail sacks, containing letters, papers and packages placed therein for transportation and delivery by the postoffice department of the United States. The second count charged the same persons with stealing, taking, removing and carrying away from out of the mail pouches and mail sacks, letters, post cards, papers and packages. In the third count, petitioner and his co-de-

fendant were charged with opening such letters and packages with intent to defraud the United States and appropriate the same to their own use and benefit and to deprive the United States and the respective addressees of the use and benefit thereof. The fourth count charged that having obtained possession of said letters, cards, papers and packages which had been taken, stolen and carried away by them, petitioner and his co-defendant did then and there destroy them with intent to defraud the United States and deprive the respective addressees of the use and benefit thereof. The fifth count charged that at the same time and place, petitioner and his co-defendant did tear, rip open, injure and destroy two mail pouches and eleven sacks, which then and there contained mail matter for transportation in the mail service of the United States and which had been stolen by petitioner and his co-defendant.

Petitioner entered a plea of guilty to all five counts of the information and was sentenced to five years' imprisonment each on the first, second and third counts, all the sentences to run concurrently, and was sentenced to serve two years each on the fourth and fifth counts, to run concurrently with each other and to be cumulative with the sentences on the first, second and third counts, and in addition, to pay a fine of one dollar on each of the counts. Petitioner has served the maximum sentences imposed under counts one, two and three, but not under counts four and five.

No issue is raised as to the sentences imposed under the first, second and third counts, but petitioner contends that the aggregate sentence of seven years is excessive because counts four and five do not charge a separate and distinct offense from the offenses charged in counts one, two and three, and that, having served the maximum sentence on counts one, two and three, he is entitled to his release.

■ Congress may make separate steps in a single transaction distinct and separate offenses. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Casebeer v. United States, 10 Cir., 87 F.2d 668; Slade v. United States, 10 Cir., 85 F.2d 786.

■ The test as to whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, then the fact that both charges relate to and grow out of one transaction does not make only a single offense where two distinct offenses are defined by the statute. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Poffenbarger v. United States, 8 Cir., 20 F.2d 42.

■ To establish the crime charged in counts one, two and three, it was necessary to prove that petitioner did steal, take and carry away two mail pouches and eleven mail sacks containing letters, papers and packages; that he did steal, take, remove and carry away out of the mail pouches and mail sacks, letters, post cards, papers and packages; that he opened such letters and packages with intent to defraud the United States and to appropriate the same to his own use and benefit and to deprive the United States and the respective addressees of the use and benefit thereof. This proof would not establish the charge contained in count five. In addition to what is necessary to prove the crimes charged in counts one, two and three, it would be necessary to establish by additional evidence that petitioner did tear, rip, open, injure and destroy the mail pouches and mail sacks. Proof of the charge laid in count five therefore requires additional evidence, distinct and apart from that required to prove the allegations of counts one, two and three. It shows a separate offense from that charged in counts one, two and three.

■ It is not necessary to consider and determine whether count four charges an offense separate and distinct from that charged in counts one, two and three or count five, or whether it is duplicitous. The total penalty imposed under counts one, two and three is five years. The penalty imposed under count five is two years, the same as that under count four. The punishment imposed under count four is therefore within the maximum authorized and imposed by either statute and runs concurrently with that imposed under count five. For that reason, even if it is conceded that it is duplicitous and does not charge an additional offense, petitioner cannot prevail.

■ A petitioner is not entitled to release by writ of habeas corpus until the maximum, lawful sentence imposed has been served. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Ex parte Melendez, 9 Cir., 98 F.2d 791; Reger v. Hudspeth, Warden, 10 Cir., 103 F.2d 825. Petitioner does not meet this test.

The order denying the petition for writ of habeas corpus is affirmed.