### KELLY v. ADERHOLD, Warden.
#### No. 2031.

Circuit Court of Appeals, Tenth Circuit.

May 13, 1940.

Robert Kelly, pro se.

Summerfield S. Alexander, U. S. Atty, and Homer Davis, Asst. U. S. Atty, both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Robert Kelly, hereinafter called petitioner, seeks reversal of an order denying a petition for a writ of habeas corpus to obtain his discharge from the federal penitentiary at Leavenworth, Kansas. Petitioner and two others were indicted in two counts in the United States Court for Western South Carolina. The first count charged the unlawful transportation in interstate commerce of a stolen automobile; and the second charged the receipt, concealment, storage, barter, sale or disposition of such automobile with knowledge that it had been stolen and transported in interstate commerce. Petitioner and one other defendant entered pleas of not guilty, were tried before a jury, and found guilty; petitioner was sentenced to serve a term of four years in the penitentiary; commitment issued on February 5, 1935; and petitioner began serving the sentence. On December 18, 1937, he was conditionally released on parole, and on February 15, 1938, a member of the United States Board of Paroles issued a warrant for his apprehension to complete service of the sentence on the ground that he had violated the conditions of his release. In November, 1938, petitioner was indicted in the United States Court for Western North Carolina, charged with the crime of falsely assuming and pre-

tending to be an officer, agent or employee of the United States, in violation of section 32 of the Criminal Code, 18 U.S.C.A. § 76. He was found guilty, and on May 9, 1939, he was sentenced to serve a term of one year and one day in the penitentiary. Commitment issued, and he was delivered to respondent for service of the sentence. The warrant issued by the member of the Board of Paroles was placed in the hands of the warden as a detainer for the arrest of petitioner upon completion of service of the sentence imposed by the court in North Carolina.

The petition for the writ is directed solely to the judgment and sentence of the court in South Carolina. But at the time the petition was filed, and at the time the order was entered denying such petition, petitioner was not detained under commitment issued upon that judgment and sentence. He was detained under commitment issued upon the judgment and sentence of the court in North Carolina, and the validity of that judgment and sentence is not assailed on any ground. The purpose of a proceeding in habeas corpus is to determine the question whether a person is being unlawfully detained. One confined in prison has no right to the writ unless he is entitled to immediate release. The writ will not issue unless he is presently restrained of his liberty without warrant of law. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L. Ed. ——; Wall v. Hudspeth, 10 Cir., 108 F. 2d 865. While being detained under the judgment and sentence of one court, petitioner could not challenge by habeas corpus the validity of the judgment and sentence of another court. For that reason alone he was not entitled to the writ.

But in view of the fact that since the petition was denied, petitioner has doubtless completed service of the judgment and sentence of the court in North Carolina, and no doubt is now being detained under the commitment issued upon the judgment and sentence of the court in South Carolina, it is deemed expedient to determine the question presented in respect of the validity of that judgment and sentence. It is challenged solely on the ground that petitioner was denied the benefit of the assistance of counsel in the trial of the case. The Sixth Amendment to the Constitution of the United States guarantees one charged with a crime the right to have the aid of counsel in his defense. But the right is personal, and a defendant may waive it provided it is waived intelligently, understandingly, and in a competent manner. Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461; McDonald v. Hudspeth, 10 Cir., 108 F.2d 943. And its waiver in that manner will ordinarily be implied where the accused appears in court without counsel and fails to request or indicate in any manner a desire that counsel be assigned to assist him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied 308 U.S. 553, 60 S.Ct. 99, 84 L. Ed.——. Here the court expressly found that petitioner did freely, voluntarily, intelligently and competently waive his right to the assistance of counsel. The finding is supported by substantial evidence, and is not clearly erroneous. It therefore cannot be overturned on appeal. Rule of Civil Procedure 52 (a), 28 U.S.C.A. following section 723c.

The order denying the petition for the writ is affirmed.