470

**BLOOD v. HUDSPETH, Warden.**

No. 2081.

Circuit Court of Appeals, Tenth Circuit.

June 29, 1940.

Dayton Denious, of Denver, Colo., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexendar, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and MURRAH, District Judge.

### BRATTON, Circuit Judge.

James R. Blood, hereinafter called petitioner, brings for review an order denying a petition for a writ of habeas corpus to secure his release from the custody of the warden of the penitentiary at Leavenworth, Kansas. In October, 1934, two indictments were returned against petitioner and a co-defendant in the United States Court for Northern Oklahoma. The first, drawn under section 218 of the Criminal Code, 18 U.S.C.A. § 347, contained four counts. The first count charged the forging and counterfeiting of the signature of the postmaster at Catoosa, Oklahoma, to a post office money order; the second charged the passing, uttering and publishing of such money order; the third charged the forging and counterfeiting of the signature of the postmaster to another money order; and the fourth charged the passing, uttering and publishing of that order. The second indictment, drawn under section 192 of the Criminal Code, 18 U.S.C.A. § 315, charged the burglary of the post office at Catoosa with the intent to steal blank money orders, and a money order stamp, pad and cutter. Petitioner pleaded guilty to both indictments and was sentenced to five years on each count in the first with provision that the several sentences should run consecutively, and to a term of five years on the second with provision that it should begin at the termination of the sentences imposed under the first. Commitments issued and petitioner is accordingly detained.

Petitioner challenges the judgments in the criminal cases on the ground that he was denied the assistance of counsel at the time he entered the pleas of guilty, in violation of the Sixth Amendment to the Constitution of the United States. One accused of a crime is entitled to the aid of counsel in his defense, and he may be heard to urge in a habeas corpus proceeding that his right in that respect was wrongfully denied. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. But the right is personal and may be waived provided it is waived in an intelligent, understanding and competent manner. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, certiorari denied, 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied, 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. ——; Creel v. Hudspeth, 10 Cir., 110 F.2d 762; Pers v. Hudspeth, 10 Cir., 110 F.2d 812. And ordinarily it will be presumed that the right was waived in that manner where the accused appeared before the court without counsel and failed to request or indicate in any manner a desire that counsel be assigned to assist him in his defense. Buckner v. Hudspeth, Creel v. Hudspeth, Pers v. Hudspeth, supra.

The judgments are presumed to be regular and valid and are not to be lightly set aside on collateral attack in a proceeding of this kind. The burden rested upon petitioner to show that he did not waive in a valid and binding manner his right to counsel, but that instead he was wrongfully denied the assistance of counsel. Johnson v. Zerbst, Zehn v. Hudspeth, Buckner v. Hudspeth, Creel v. Hudspeth, Pers v. Hudspeth, supra. The allegations contained in the verified petition for the writ and the statements or recitations contained in affidavits submitted by the warden presented the question of fact to the trial court. The court resolved the issue against petitioner. The finding is supported by substantial evidence, is not clearly wrong, and hence must not be overturned on appeal. Creel v. Hudspeth, Pers v. Hudspeth, supra.

The procedure of the trial court in making disposition of the cause is questioned. The verified petition alleged that petitioner was friendless, penniless, and wholly ignorant of legal matters and judicial proceedings; that upon being brought into the presence of the court he was asked by the United States attorney what he intended to do, to which he replied that he did not know as he had no funds and was unable to employ an attorney; that the United States attorney replied that he had better plead guilty, and the post office inspector interjected that it was a very bad case; that thereupon the deputy marshal escorted petitioner to a position immediately in front of the presiding judge; that the indictment was read and the pleas entered; and that without further ado or preliminaries the sentences were imposed. The warden answered with reasonable dispatch. Copies of the indictments, judgments, commitments, and affidavits of the judge who accepted the pleas of guilty and imposed the sentences, the assistant United States attorney, and the post office inspector, separate written statements made by petitioner and his co-defendant to the inspec-

472

tor, and a letter written by petitioner to the United States attorney, were attached to the answer. The trial judge stated in his affidavit that he distinctly remembered the cases; that he fully advised petitioner and his co-defendant of their right to be represented by counsel; that he admonished them that if they were not guilty they should not plead guilty, but should enter pleas of not guilty and stand trial; that after being thus advised and admonished they stood upon their pleas of guilty; that he thereupon investigated all of the facts relative to the crimes charged in the two indictments and the criminal records of the two accused, and then imposed sentences which he deemed just and proper in the premises. The post office inspector stated in his affidavit that the judge took considerable time in explaining to petitioner and his co-defendant their constitutional rights, including the right to an attorney, and patiently advised them not to plead guilty but to stand trial if they were not guilty, and that during such explanation and admonition petitioner insisted that he was wholly responsible for the crimes and that his co-defendant should be exonerated. The assistant United States attorney stated that it was the practice of the judge in all important or serious criminal cases to advise the defendants of their right to be represented by counsel. Petitioner stated in his letter to the United States attorney that his co-defendant was not with petitioner at the time he committed the robbery, was entirely innocent, and should not be required to stand trial for something he did not do. And petitioner and his co-defendant stated in detail in their separate written statements made to the post office inspector that they became acquainted while both were in the state penitentiary at McAlister, Oklahoma; that they met after their discharge; that they acted together in burglarizing the post office and stealing the money order blanks; that they filled out some of the blanks; and that they attempted to pass some of the forged money orders in the purchase of an automobile. By reply, petitioner admitted the return of the indictments, the entry of the judgments, the issuance of the commitments, and his detention under such process; but he denied all other allegations contained in the answer. An attorney appeared for petitioner, the record failing to indicate whether he was employed or appointed by the court. When the matter came on for hearing, the court

heard it upon the verified petition, the answer, the certified copy of the record in the criminal cases, the original affidavits, the original statements, and the original letters referred to.

■ It is provided by section 761, Revised Statutes, 28 U.S.C.A. § 461, that the court, or justice, or judge to whom a petition for a writ of habeas corpus is presented shall proceed in a summary manner to determine the facts by hearing the testimony and arguments, and then shall dispose of the party as law and justice require. After the issues have been joined a court may make a preliminary inquiry to determine the propriety of the issuance of the writ. And where it appears at such inquiry that there is no basis for the issuance of the writ, and that if petitioner were present and testified to all of the facts pleaded in the petition he would be remanded, action may be taken in his absence. Murdock v. Pollock, 8 Cir., 229 F. 392; Christianson v. Zerbst, 10 Cir., 89 F. 2d 40; Walker v. Johnston, 9 Cir., 109 F.2d 436; Franzeen v. Johnston, 9 Cir., 111 F.2d 817.

■■ The effect of the provision in the statute that the matter shall be heard in a summary manner was to require petitioner to submit with his petition, or with his reply traversing certain allegations contained in the answer, whatever evidence he had and desired to be heard and considered. It is neither said nor suggested that any other evidence existed on which he relied. It is merely contended that the facts detailed in the affidavits should have been produced by testimony in open court or by depositions, thus affording petitioner the opportunity of cross-examination. The penitentiary at Leavenworth is a large one. Many petitions for writs of habeas corpus are filed against the warden during the year, some of which are based upon the contention that the petitioners were wrongfully denied the benefit of counsel in the criminal cases in which they pleaded guilty and were convicted. If the warden were required to endeavor to bring judges, United States attorneys, and others from all parts of the country to testify in open court, or to take their depositions, he would be obliged to divert much of his time from the discharge of other official duties. In these circumstances, the procedure followed in this case rests upon necessity. Walker v. Johnston, supra; Franzeen v. Johnston, supra. And

it does not within and of itself trespass upon any right of a petitioner seeking discharge. We would not hesitate to require that some other course be pursued in a case where it appeared that any right of the petitioner had been violated. But it is perfectly plain that no right of this petitioner was substantially impinged. Any other conclusion would completely subordinate reality to cold formula.

Affirmed.