## MACOMBER et al. v. HUDSPETH, Warden.
### No. 2141.

Circuit Court of Appeals, Tenth Circuit.
Oct. 17, 1940.

G. Walter Bowman, of Denver, Colo., for appellants.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Ora B. Macomber and Lyal E. Wing, hereinafter called petitioners, prisoners in the federal penitentiary at Leavenworth, Kansas, filed their joint petition for a writ of habeas corpus to effect their discharge from further detention; the warden answered; the cause was submitted on the verified petition, certified copies of records, and affidavits; the court found the issues in favor of respondent and denied the petition; and petitioners appealed.

Three separate indictments were returned against petitioners in the United States Court for the Western District of Wisconsin. The indictment in the first case contained two counts. The first count charged the breaking into a post office with intent to steal, take and carry therefrom moneys, stamps and property belonging to the United States; and the second count charged the theft of postage stamps. The indictment in the second case charged that petitioners unlawfully conspired to commit an offense and crime against the United States, namely, to attempt to escape from the jail to which they had been committed by virtue of process issued under the laws of the United States. And the indictment in the third case charged that petitioners and other named persons formed another but like conspiracy to effect their escape from such jail. Petitioners entered pleas of guilty to the indictment in the first case, and were each sentenced to a term of five years in the penitentiary on the first count and to a term of three years on the second, with provision that the sentences should run consecutively, making a total of eight years. On the same day, petitioners entered pleas of guilty to the indictment in the second case and were each sentenced to a term of five years in the penitentiary, with provision that such sentences should run consecutively to those imposed in the first case, making a total of thirteen years. And, on the same day, petitioner Wing entered a plea of guilty to the indicment in the third case and was sentenced to a term of five years in the penitentiary, with provision that the sentence should run concurrently with that imposed upon him in the second case; and such indictment was dismissed as to petitioner Macomber. After petitioners had entered the penitentiary, the court entered an order in the second case reducing the term of each petitioner to two years.

Petitioners attack the validity of the judgment in the first criminal case on the ground that while the indictment contained two counts it charged a single crime for which the maximum imprisonment authorized by law was five years in penitentiary. The first count charged an offense under section 192 of the Criminal Code, 18 U.S.C.A. § 315, which provides a maximum penalty of a fine not to exceed one thousand dollars and imprisonment not to exceed five years; and the second count charged an offense under section 190 of the Criminal Code 18 U.S.C.A. § 313, which carries a maximum penalty of a fine not in excess of two hundred dollars, or imprisonment not in excess of three years, or both. Even though committed at the same time, the two offenses were distinct but were properly laid as separate counts in one indictment; and the court was authorized and empowered in

the exercise of its discretion to impose any sentence upon each count within the maximum authorized by the statute. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Adams v. White, 8 Cir., 31 F.2d 982. Since the sentence upon each count did not exceed the maximum provided in the statute under which the count was drawn, the judgment is not open to the attack directed against it.

The judgment is attacked on the further ground that petitioners were wrongfully denied the benefit of the assistance of counsel at the time their pleas of guilty were entered. The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to the aid of counsel in his defense. But it is held without exception that such right is personal and may be waived provided it is waived intelligently, understandingly, and in a competent manner. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733; McDonald v. Hudspeth, 10 Cir., 108 F.2d 943; Leonard v. Hudspeth, 10 Cir., 112 F.2d 121. And, the waiver of such right in that manner will ordinarily be implied where the accused appears in court without counsel and does not request or indicate in any way a desire that counsel be assigned to assist him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, certiorari denied, 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. 465; Creel v. Hudspeth, 10 Cir., 110 F.2d 762; Pers v. Hudspeth, 10 Cir., 110 F.2d 812.

The judgment is presumed to be correct and may not be lightly set aside; and the heavy burden rests upon petitioners in a habeas corpus case of this kind to show by a clear and convincing preponderance of evidence that they did not waive their right to counsel in the manner indicated above but were denied such right. Johnson v. Zerbst, supra; Creel v. Hudspeth, supra; Pers v. Hudspeth, supra. The pleadings and proof presented that issue. The trial court resolved it against petitioners. The finding is supported by substantial evidence, is not clearly wrong, and hence must be sustained on appeal. Rule of Civil Procedure 52(a), 28 U.S.C.A. following section 723c.

The judgment in the second criminal case is likewise challenged on the ground that petitioners were denied their constitutional right to counsel, and on the further ground that the sentence of five years was in excess of that authorized by law; and the order reducing the sentence in such case is assailed on the ground that the court lacked jurisdiction to enter it. And, similarly petitioner Wing challenges the judgment in the third and last case on the ground that he was denied the aid of counsel, and on the further ground that the sentence exceeded the maximum fixed by law. That which has been said respecting the manner in which petitioners waived their right to counsel in the first case applies to the second and third cases. And it is unnecessary to explore the contentions made in respect to the judgments and sentences in those cases exceeding the maximum authorized by law, or the jurisdiction of the court to enter the order reducing the judgment in the second case, for the reason that petitioners have not completed service of their respective sentences in the first case. With deduction for good conduct, they are still lawfully restrained under the commitments issued in that case. It is well settled that the purpose and function of a proceeding in habeas corpus is to determine the question whether a person is being unlawfully detained; that one confined in prison is not entitled to the writ unless he is entitled to immediate release; and that the writ will not issue unless he is presently restrained of his liberty without warrant of law. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied, 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42; Kelly v. Aderhold, 10 Cir., 112 F.2d 118.

The judgment denying the petition for the writ is affirmed.