**SNEDEKER v. UNITED STATES et al.**

**No. 164.**

District Court, M. D. Pennsylvania.

March 29, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for the United States and Wm. H. Hiatt.

Joseph Snedeker, pro se.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus. The petitioner is now confined in the Lewisburg Penitentiary within the Middle District of Pennsylvania.

The petitioner states that he was arrested in Illinois and removed to New Jersey, where he was indicted, and sets forth irregularities and improper action by the authorities in connection with his removal. He alleges:

"On the eighteenth day of July, 1943, I was introduced to a lawyer, a Mr. Tanner from Camden, New Jersey, or surrounding territory and was told that he was going to represent me in court and that he was assigned to my case by the government. He said that I was going to court the next day, which was the nineteenth day of July, 1943, and stand trial for kidnapping. On the nineteenth day of July, 1943, I and six other soldiers were taken from the Gloucester County Jail to the United States District Court at Cam-

den, New Jersey, and went on trial before the Honorable Judge John Boyd Avis. My lawyer asked me how I was going to plead, and I said 'Not Guilty', which was the way I pleaded.

"On the twenty third day of July, 1943, I was told to plead guilty by my lawyer, Mr. Tanner, against my will, to kidnapping, which I did."

He also contends that being a soldier in the United States Army, the civil court had no jurisdiction.

■ As shown by the transcript of the record of the trial court in New Jersey, which transcript was introduced in evidence at the hearing, the petitioner was indicted, counsel was appointed, a trial on a plea of "Not Guilty" was commenced, and after several days of trial, all of the defendants changed their pleas to guilty. The petitioner is now serving the sentence imposed on that plea. His present detention is therefore under that sentence. Any contention of illegality in the removal proceedings would not affect the jurisdiction of the trial court, and could not be the basis of this habeas corpus proceeding. Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Hall v. Johnston, 9 Cir., 86 F.2d 820.

■ At the hearing on the rule the respondent, after introducing the transcript of the record, called two special agents of the Federal Bureau of Investigation, who were present during the trial and who on numerous occasions talked with the petitioner. The evidence is quite conclusive that the petitioner was duly represented by able counsel who was commended by the trial court for his vigorous defense and his protection of the rights of the defendant. The plea was not changed until the government's evidence had been introduced. There can be no question but that the plea of guilty which was then entered was voluntary. In fact, the evidence shows that petitioner himself asked the agents to assist in obtaining leave of court to change his plea.

■ There is no merit in the remaining contention. The fact that petitioner was a soldier in the United States Army at the time of the commission of the offense did not ban a prosecution in the civil courts. United States v. Matthews, D.C. Ala., 49 F.Supp. 203.

And now, this 29th day of March, 1944, the rule to show cause is discharged and the petition is dismissed.