**ROSCOE v. HUNTER, Warden.**

**No. 2904.**

Circuit Court of Appeals, Tenth Circuit.

July 24, 1944.

Judd L. Black, of Oklahoma City, Okl., for appellant.

George H. West, U. S. Atty., and Eugene W. Davis, Ass't. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus instituted in the United States Court for Kansas by George Roscoe, a prisoner in the federal penitentiary at Leavenworth, Kansas, to secure his discharge from further detention. Petitioner was indicted in five counts in the United States Court for Eastern Michigan. The first count charged that petitioner and two co-defendants robbed a bank which was insured under the Federal Deposit Insurance Corporation; and the second, third, fourth, and fifth counts charged that while engaged in the robbery, petitioner and his co-defendants assaulted and with firearms placed in jeopardy the life of an officer or employee of the bank, the name of the officer or employee in each count being different from those in the other counts. Petitioner pleaded guilty to the second, third, fourth, and fifth counts, and was sentenced on each to imprisonment for a term of twenty-five years, with provision that the sentences on counts two and three should run consecutively while those on counts four and five should run concurrently with two and three, respectively, making fifty years in the aggregate.

Appropriate process issued and petitioner was delivered to the respondent for service of the sentences. About seven months thereafter, the court entered an order amending or modifying the judgment by vacating and setting aside the sentences on the third, fourth, and fifth counts, leaving intact only the sentence on the second count.

Petitioner in the court below attacked the judgment in the criminal case on the ground that he was coerced, by threats, intimidation, and physical assaults, into entering his plea of guilty; that he was wrongfully denied the assistance of counsel; and that the court was without jurisdiction to amend or modify the judgment. The court ordered respondent to show cause why the writ should not issue, and counsel was appointed to represent petitioner. Respondent filed a return, petitioner was produced in court, a full hearing was had, the court found all material issues against petitioner, and judgment was entered denying the petition.

█ It is insisted that the writ should have been granted because the plea of guilty in the criminal case was interposed under coercion, that is to say, as the result of threats, intimidation, and physical assault of petitioner by two agents of the Federal Bureau of Investigation and two detectives of the Police Department, and that therefore the judgment and sentence was void. A judgment in a criminal case on a plea of guilty which is coerced by law enforcement officers is not consistent with due process, and it may be attacked in habeas corpus in the exceptional case where no other means is available for the preservation of the rights of the accused. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

█ But the final judgment in a criminal case bears a strong presumption of regularity and is not to be lightly set aside on collateral attack. When attacked collaterally in a proceeding of this kind, the heavy burden rests on petitioner to establish by clear and convincing evidence that the plea of guilty was interposed as the result of coercion. Cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. In the trial below, petitioner relied solely on his own uncorroborated testimony to discharge that burden. He testified at length concerning the threats, intimidations, and assaults. But

there was countervailing testimony. In short, the evidence presented an issue of fact. The trial court determined the issue against petitioner, the finding is supported by substantial evidence, and therefore it must stand on appeal. Pers v. Hudspeth, 10 Cir., 110 F.2d 812.

█ Taking up the contention that petitioner was wrongfully deprived of the assistance of counsel in the criminal case, again the burden rested on petitioner, and again he relied exclusively on his uncorroborated testimony. He had served previous sentences for crime. He was not ignorant or unsophisticated in the matter of appearing in court charged with the commission of a penal offense. The judgment in the criminal case expressly recites that he was fully informed of his constitutional right to counsel, that he was asked whether he desired to have counsel assigned, and that he replied in the negative. Moreover, he admitted at the hearing on the petition for the writ that at the time of entering the plea of guilty he stated that he did not desire the aid of counsel, but said that he did not understand and was afraid. The court found the issue against petitioner, the finding is sustained by substantial evidence, and it must stand. Beckett v. Hudspeth, 10 Cir., 131 F.2d 195; McGuire v. Hunter, 10 Cir., 138 F.2d 379.

█ The remaining contention is in substance that the court in Michigan was without jurisdiction to amend or vacate any part of the judgment in the criminal case, that petitioner is still under sentences aggregating fifty years, that the second, third, fourth, and fifth counts charged a single offense for which the maximum penalty authorized by law was a fine of not more than $10,000, and imprisonment of not more than twenty-five years, that the sentences exceed the maximum, and that therefore the court in Kansas erred in denying the petition for the writ. Petitioner filed in the criminal case a motion or petition for the correction of the judgment, and thereafter the order was entered vacating those parts relating to the third, fourth, and fifth counts. No appeal was taken from that action. Ordinarily, a district court has no jurisdiction to entertain a motion to amend, modify, vacate, or set aside its judgment in a criminal case unless the proceeding for that purpose was initiated within the term at which the judgment was entered. United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed.

129; Gilmore v. United States, 8 Cir., 124 F.2d 537; Gargano v. United States, 9 Cir., 140 F.2d 118. But where the accused contends and the court correctly determines that the judgment imposed two or more sentences for a single offense, Dimenza v. Johnston, 9 Cir., 131 F.2d 47, the court may correct the judgment even though the motion for its correction be not filed until after the expiration of the term at which the judgment was imposed. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. Gilmore v. United States, supra; Gargano v. United States, supra.

The order denying the petition for the writ is affirmed.