## McMAHAN v. HUNTER, Warden.

### No. 3156.

Circuit Court of Appeals, Tenth Circuit.
July 21, 1945.

Robert Swanson, of Denver, Colo., for appellant.

Eugene Davis, Asst. U.S. Atty., of Topeka, Kan. (Randolph Carpenter, U.S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and MURRAH, Circuit Judges, and RICE, District Judge.

MURRAH, Circuit Judge.

Petitioner brought this habeas corpus proceeding on October 3, 1944, to obtain his release from the custody of the respondent below, appellee here, by whom he was at that time held under a three year sentence, imposed by the United States District Court for the Northern District of Oklahoma, for violation of the Dyer Act, 18 U.S.C.A. § 408, and also to void two separate sentences of two years, imposed by the United States District Court for the Eastern District of Missouri, for escaping lawful custody in violation of 18 U.S.C.A. § 753h. The sentences imposed by the Missouri court were by their express terms made to run consecutively with the Oklahoma sentence and with each other, making a total of seven years imprisonment. As grounds for release petitioner alleges (1) that as a subject of Canada, and domiciled there, he was kidnapped and brought within the jurisdiction of the sentencing courts, thus depriving the courts of jurisdiction over his person, and (2) at the time he entered his plea of guilty to the three indictments he was insane, thereby depriving the courts of jurisdiction to impose the sentences, by force of which he is restrained.

Pursuant to a regular hearing on these issues, the trial court rightly held that the manner in which the sentencing court acquired jurisdiction of the petitioner was not open to review on habeas corpus. In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Whitney v. Zerbst, 19 Cir., 62 F.2d 970; Hall v. Johnston, 9 Cir., 86 F.2d 820; Snedeker v. United States, D. C., 54 F.Supp. 539. And, from undisputed evidence, the trial court found that before accepting the petitioner's plea of guilty, the Oklahoma sentencing court ordered a psychiatric examination which resulted in a diagnosis of the petitioner as "a psychopathic individual with a peculiar mental quirk; cannot be classified as feeble-minded or insane"; that after such diagnosis the petitioner appeared in court represented by counsel and entered a plea of guilty to the charges contained in the indictment. On these facts, the trial court concluded that the Oklahoma court having determined the petitioner's sanity before the imposition of sentence, its judgment was valid. Although the Missouri sentencing court conducted no psychiatric inquiry before the imposition of sentence, the trial court held that the Oklahoma court's prior determination of sanity raised a presumption of continuing sanity until the contrary was shown, and concluded that the petitioner not having raised the question of his sanity at the time he entered his pleas of guilty, the sentencing court could indulge in the legal presumption that he was sane at the time of the imposition of sentences.

After observing that the petitioner had previously applied for a writ of habeas corpus in the same court urging the same grounds, and that another judge of the same court had resolved the facts against the petitioner and denied the writ, the trial court held that the instant proceedings raised no new issues of fact or law, denied the writ and remanded petitioner to the respondent.

Generally, insanity as a bar to the imposition of sentence is a factual issue for the determination of the court having jurisdiction of the offense, and a judgment of sentence by a court of competent jurisdiction may not be collaterally attacked on that issue in a habeas corpus proceedings. Whitney v. Zerbst, supra; Hall v. Johnston, supra; Srygley v. Sanford, 5 Cir., 148 F.2d 264, 265; Myers

v. Halligan, 9 Cir., 244 F. 420; Chase v. Hiatt, D.C., 54 F.Supp. 270; State ex rel. Novak v. Utecht, 203 Minn. 448, 281 N.W. 775. Moreover, in this case the trial court's inquiry went far enough to ascertain that the issue of insanity as a jurisdictional bar to the imposition of sentence had been conclusively resolved against the petitioner. Thus the judgment of the Oklahoma sentencing court comes here not only protected by its presumptive correctness and invulnerability to collateral attack, but fortified by affirmative findings which give it unassailable validity.

When on March 9, 1944, the trial court entered judgment, it found that petitioner was "now serving both sentences" and treated petitioner's contentions as if he were actually restrained by force of the sentences imposed by the Missouri court. But, as we have seen, the Missouri sentences by their express terms do not commence until the expiration of the three year sentence imposed by the Oklahoma court. Moreover, the statute, 18 U.S.C.A. § 753h, under which petitioner was twice sentenced, for escape of lawful custody, in the Missouri court, provides that if any person be under sentence at the time of the escape the sentence imposed for such escape shall begin upon the expiration of, or upon legal release from any sentence under which such person is held at the time of such escape. The record conclusively shows that the three year sentence imposed by the Oklahoma court began on February 3, 1943 and will not expire until February 3, 1946. There is nothing to indicate that petitioner was paroled when eligible on February 3, 1944, or the sentence expired by the allowance of good time on May 27, 1945, and we must therefore assume that he is now in custody of the respondent by virtue of the Oklahoma sentence and will be until February 3, 1946.

Thus, when this proceedings was instituted challenging the validity of the Missouri sentences, petitioner was not actually restrained of his liberty by virtue of them, but was in lawful custody of the respondent by force of a valid judgment of the Oklahoma court. The writ may not be used as a means of securing the determination of a judicial question, which if determined in petitioner's favor, will not result in his immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed.

238; Macomber v. Hudspeth, 10 Cir., 115 F.2d 114; Kelly v. Aderhold, 10 Cir., 112 F.2d 118; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Reger v. Hudspeth, 10 Cir., 103 F.2d 825. He cannot hypothetically challenge the validity of sentences he is not serving.

This point was neither called to the attention of the learned trial judge, nor raised here on appeal, but since it goes to the jurisdiction, not only of the trial court but of this court, we deem it necessary to notice it as decisive of the petitioner's contentions with respect to the Missouri judgments.

For these reasons, the judgment of the trial court is affirmed.