CHRISTAKOS v. HUNTER, Warden.

No. 3470.

Circuit Court of Appeals, Tenth Circuit.

May 12, 1947.

Rehearing Denied June 13, 1947.

Irving J. Hayutin, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this habeas corpus proceedings petitioner, Louis E. Christakos, seeks discharge from further service of an aggregate sentence of seventeen years and two days, imposed in the United States District Court for the Northern District of Alabama for a series of crimes committed after he escaped from a military stockade at Camp Bowie, Texas. The sentence was separately imposed upon five separate indictments, charging violations of 10 U.S.C.A. § 1393 (unlawful wearing of military uniform); 18 U.S.C.A. § 76 (impersonation of United States officer); 18 U.S.C.A. § 408 (National Motor Vehicle Theft Act); 18 U.S.C.A. § 415 (National Stolen Property Act); and 18 U.S.C.A. § 87 (embezzling arms and stores).[1]

As grounds for release petitioner alleges (1) that when he appeared before the sentencing court he was not informed as to the number of indictments pending against him, but entered only a plea of guilty to a violation of the Dyer Act; (2) that his plea of guilty was obtained by threats and coercion; and, (3) that he was deprived of his constitutional right to the assistance of counsel. After a full and complete hearing, the trial court denied the petition for the writ and petitioner has appealed.

Testifying in support of the allegations contained in the writ, petitioner related the following facts. He was arrested in Birmingham on January 29, 1945 and taken to the Federal Bureau of Investigation Office, where he was questioned and threatened continually for ten hours. He asked Winston Brooke, the F. B. I. Agent, for an attorney, but was told there was no need for counsel; that he should enter a plea of guilty to a violation of the Dyer Act just to clear up the records and he would then be turned over to Military authorities, but if he did not enter such a plea the F. B. I. would ask an army court martial to give him a life sentence in the penitentiary. At the end of ten hours questioning, he was placed in the city jail and there threatened by several police officers. The next morning he was taken before the United States Commissioner and arraigned on one complaint, charging a violation of the Dyer Act. After arraignment he was removed to the Walker County jail about thirty-five miles from Birmingham and kept there for approximately three months before his case was disposed of. When he was taken before the sentencing court on April 20, the court inquired what plea he desired to make, and thinking that only the violation of the Dyer Act was involved he entered a plea of guilty, without knowledge that other indictments were pending against him. He stated that he was not advised of his right to counsel nor asked if he de-

---

[1] A sixth indictment, charging violations of 18 U.S.C.A. § 408 (National Motor Vehicle Theft Act) was nol prossed and dismissed on the date petitioner was sentenced.

sired counsel; that when he entered his one plea of guilty to what he thought was a violation of the Dyer Act, the court just said "seventeen years" and he was then "rushed right out of the court room on the way to the penitentiary."

The respondent introduced in evidence the depositions of Judge Mullins, the sentencing judge; the United States Attorney; the Assistant United States Attorney; the Court Clerk; the F. B. I. agent, Brooke, and the judgment and commitment in each of the five cases.

Judge Mullins testified that when petitioner was brought before him he explained in a general way the particular charges involved in the five indictments; that he advised him of his right to counsel and offered to appoint counsel, but that petitioner stated he did not desire counsel and wished to handle the cases himself. He stated that after petitioner had waived the appointment of counsel he asked the United States Attorney to explain the charges of each indictment, and he did so; that after petitioner entered a plea of guilty to each indictment he recessed court thirty minutes and conferred with the District Attorney and the Probation Officer, and then later in the day imposed a sentence on each indictment. Judge Mullins' account of what transpired in the court room, when petitioner was sentenced, is corroborated in every respect by the testimony of the United States Attorney, the Assistant United States Attorney and the Court Clerk, all of whom were present.

Winston Brooke, the F.B.I. agent, accused by petitioner of having obtained his plea of guilty by coercion and threats, testified that he did not interrogate or even converse with petitioner on the day he was arrested; that when he took a statement from him on February 2, 1945, he advised him of his constitutional privilege to refuse to make any statement. He denied making any threats or promises whatsoever to petitioner, or telling him he could or should not have an attorney.

The judgment and commitment in each of the five cases contains the recital that petitioner appeared in court, was advised of his constitutional right to counsel, and upon being asked if he desired counsel appointed by the court, replied that he did not.

When a judgment is collaterally attacked in a proceedings of this kind, the petitioner has the heavy burden of proving by clear and convincing proof all the allegations of his petition, which question the validity of such judgment. To discharge that burden, petitioner relied on his own uncorroborated testimony. This testimony was impugned by that offered on the part of respondent. Thus, whether petitioner was advised of the charges against him and entered a plea of guilty to each indictment, and whether his plea of guilty was free and voluntarily made, became questions of fact which the trial court had the function to resolve. The trial court determined the issues against petitioner, his findings are supported by the evidence, and they must stand on appeal. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Roscoe v. Hunter, 10 Cir., 144 F.2d 91; Pers v. Hudspeth, 10 Cir., 110 F.2d 812.

In support of his contention that he was deprived of the assistance of counsel, petitioner again relied solely upon his own testimony. This testimony was refuted by the factual recital in the judgments to the effect that he was advised of his constitutional right to counsel and offered the assistance of counsel, which he refused. We have consistently said that the factual recital in a judgment of sentence imports absolute verity, and in the absence of fraud it cannot be collaterally challenged by parole testimony. Edminston v. Hunter, 10 Cir., 161 F.2d 691; McGuire v. Hunter, 10 Cir., 138 F.2d 379, reversed and remanded on other grounds, 322 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553; Thomas v. Hunter, 10 Cir., 153 F.2d 834; Bennett v. Hunter, 10 Cir., 155 F.2d 223. But, the trial court did not weigh the testimony of petitioner against the factual recital in the judgments alone. He also had the testimony of the sentencing court and others who were present in the court room to the effect that the factual recitals spoke the truth. His finding that petitioner was not denied his constitutional right to counsel is amply supported by the evidence, and must stand.

The judgment is affirmed.